**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

TIMOTHY HARTNETT,

      Plaintiff,

v.                                                            Case No. CV 10-1105 JB/CEG

PAPA JOHN'S INTERNATIONAL, INC.,

      Defendant.

### DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS

Plaintiff Timothy Hartnett (erroneously named in the Complaint as "Harnett") alleges that defendant Papa John's USA's (erroneously named in the Complaint as "Papa John's Pizza International, Inc.") termination of his employment gives rise to claims of wrongful termination, retaliatory discharge, defamation, and negligence.  According to Plaintiff, Defendant's proffered reason for terminating his employment – filing a false mileage voucher – is pretextual.  The crux of Plaintiff's claims is that Defendant terminated him for filing a Workers' Compensation claim.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant moves for an order dismissing Plaintiff's wrongful termination and negligence claims as follows:

1. Defendant moves to dismiss the wrongful termination claim because Plaintiff failed to allege any facts that Defendant violated a clear public policy in the State of New Mexico; and

2. Defendant moves to dismiss the negligence claim because such a claim cannot be maintained in the context of an employment termination.

Accordingly, Plaintiff's claims are fatally flawed and should be dismissed with prejudice to refile.

## I.   FACTUAL BACKGROUND

Plaintiff's claims stem from his former employment with Defendant as a Senior Director of Operations in Albuquerque, New Mexico. (Complaint ¶¶ 1.1, 2.1.) On August 14, 2007, Plaintiff suffered work-related injuries resulting from a traffic accident, which prevented him from attending Defendant's Inventory Management Meeting held in Louisville, Kentucky. (*Id.*, ¶¶ 2.3-2.6.) Defendant terminated Plaintiff on October 17, 2007, for submitting a falsified mileage reimbursement voucher. (*Id.,* ¶¶ 2.9-2.11.) Plaintiff's supervisor Rick Thompson conducted the investigation, which was approved by Human Resources. (*Id*., ¶¶ 2.13-2.16.) Plaintiff claims he was never afforded an opportunity to respond to the false accusations made by Thompson. (*Id*., ¶¶ 2.12, 6.4.)

On October 8, 2010, Plaintiff filed a Complaint in the Second Judicial District Court, Bernalillo County, New Mexico alleging four causes of action against Defendant for (1) wrongful termination, (2) retaliatory discharge, (3) defamation of character, and (4) negligence. Defendant timely removed this matter on November 19, 2010. (Dkt. No. 1.)

## II.   LEGAL STANDARD

Under the Federal Rules of Civil Procedure, Rule 12(b)(6), dismissal is proper when a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim "admits all well-pleaded facts in the complaint as distinguished from conclusory allegations." *Elliott Indus. Ltd.*

*Partnership v. BP America Production Co.*, 407 F.3d 1091, 1107 (10th Cir. 2005).  The court is "not bound by conclusory allegations, unwarranted inferences, or legal conclusions."  *Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994).  Dismissal is appropriate where plaintiff cannot prevail on the facts he has alleged.  *Hall v. Bellmon*, 925 F.2d 1106, 1009 (10th Cir. 1991).

In the instant case, Plaintiff's wrongful termination and negligence claims are either not supported by law or not supported by the factual averments contained in his Complaint.  Accordingly, these claims should be dismissed with prejudice.

## III.   LEGAL ANALYSIS

### A.   Plaintiff's Wrongful Termination Claim Should Be Dismissed Because Plaintiff Has Not Alleged Any Violation Of A Clear Public Policy By Defendant.

Under New Mexico law, "[e]mployment without a definite term is presumed to be at will."  *Trujillo v. N. Rio Arriba Elec. Coop., Inc.*, 131 N.M. 607, 615 (N.M. 2001).  A cause of action for wrongful termination in violation of public policy ("retaliatory discharge") has been recognized as an exception to the doctrine of at-will employment.  *McDonald v. Corrections Corp. of America,* 181 F.Supp. 2d 1274, 1282 (D.N.M. 2002).  For an employee to recover under a claim for wrongful termination, he must demonstrate that he was discharged because he performed an act that public policy has authorized or would encourage.  *Jeffers v. Butler*, 762 F.Supp. 308, 310 (D.N.M. 1990) ("Plaintiffs have the burden to prove that their claims come within the 'strict confines of a legitimate public policy exception.'").

In support of his wrongful termination claim, Plaintiff fails to allege that he was terminated by Defendant for a performing an act that public policy has authorized or would encourage.[1]  *Shovelin v. Central N.M. Elec. Coop.*, 115 N.M. 293, 303 (N.M. 1993) ("The linchpin of a cause of action for retaliatory [or wrongful] discharge is whether by discharging the complaining employee, the employer violated a 'clear mandate of public policy.'").  In *Sullivan v. Am. Online, Inc.*, 2005 U.S. Dist. LEXIS 17906, *6-7 (D.N.M. Aug. 23, 2005), the court specifically found that the following allegations cannot support a wrongful termination claim: "Defendants failed to properly investigate the issues leading to her termination, that her termination was based upon false allegations that she had no opportunity to rebut, and that Defendants fired her without good cause."  Similarly, Plaintiff's identical averments here are legally insufficient.  (Complaint ¶¶ 4.2-4.5.)  Mere wrongdoing on the part of the employer, without a sufficient public policy nexus, is insufficient to state a claim."  *Jeffers*, 762 F.Supp. at 310 (quoting *Maxwell v. Ross Hyden Motors,* 104 N.M. 470, 473 (Ct. App. 1986)).

Absent allegations of Defendant's violation of a clear public policy, Plaintiff's wrongful termination claim should be dismissed with prejudice.

---

[1] In support of Plaintiff's alternative retaliatory discharge claim, Plaintiff alleges that Defendant terminated him because he had filed a claim for Workers' Compensation benefits.  (Complaint ¶¶ 5.1-5.6.)

### B. Plaintiff Cannot State A Negligence Claim Arising From The Termination Of His Employment.

While New Mexico recognizes a cause of action for negligence, a negligence claim is not proper in the context of employment terminations.  *Vice v. Conoco, Inc.*, 150 F.3d 1286, 1292 (10th Cir. 1998) (quoting *Salazar v. Furr's Inc.*, 629 F. Supp. 1403, 1410 (D.N.M. 1986) ("New Mexico has not accepted [a cause of action for negligence] in the context of an employee discharge.")).  In this case, Plaintiff alleges that Defendant owed him a duty of ordinary care in conducting the investigation that led to the termination of his employment.  (Complaint ¶ 7.2.)  Disciplinary actions and workplace decisions are ordinary employment decisions to which negligence principles do not apply.  *Gioia v. Pinkerton's, Inc.*, 194 F.Supp. 2d 1207, 1227 (D.N.M. 2002).  Therefore, Plaintiff's negligence claim should be dismissed with prejudice.

### IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss with prejudice Plaintiff's claims for wrongful termination and negligence.

RESPECTFULLY SUBMITTED this 22nd day of December 2010.

        *s/ Rossana S. Eltanal*
Mark Ogden, *Pro Hac Vice Attorney*
Rossana S. Eltanal, *Pro Hac Vice Attorney*
LITTLER MENDELSON, P.C.
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016
Telephone:    602.474.3600
Facsimile:    602.957.1801
mogden@littler.com
reltanal@littler.com

                    Jay Sumner, NM Bar No. 12880
                    LITTLER MENDELSON, P.C.
                    6565 Americas Parkway NE, Suite 200
                    Albuquerque, NM  87110
                    Telephone:     (505) 244-3117
                    Facsimile:      (866) 365-7204
                    jsumner@littler.com

                    *Attorneys for Defendant*

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and mailed a copy of same to any non-registrants, this 22nd day of December 2010:

Patrick Larkin Fogel
205 Truman NE
Albuquerque, NM 87108
*Attorneys for Plaintiff*


*s/ Rossana S. Eltanal*