UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TIMOTHY HARTNETT,
        Plaintiff,

vs.                                   No. CV 10-1105 JB/CG

PAPA JOHN'S PIZZA USA INC.,
        Defendant.

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF SUMMARY JUDGEMENT

COMES NOW the Plaintiff, by and through his undesigned attorney, and moves this court for summary judgment on the basis of res judicata and collateral estoppel (claim preclusion), as the issue of whether or not the worker was terminated for cause on October 17, 2007, was litigated and necessary decided by the Workers' Compensation Judge in the worker's compensation case, *Timothy Hartnett v Papa Johns Pizza, and New Hampshire Insurer Company*, c/o GAB Robbins, WCA No: 08-00106.

## UNCONTESTED FACTS

1. Papa John's USA Inc. provided mandatory workers' compensation insurance through New Hampshire Insurer Company, administered by GAB Robbins, for its New Mexico employees. (Policy number WC026149585, see the Workers' Compensation Administration public record for Papa Johns Pizza USA Inc.'s registration at *www/workerscomp.state.nm/partners/carriers.php*).

2. The Workers' Compensation Administration has exclusive jurisdiction over the issues involving an on the job injury. §52-1-6 and §52-1-8 NMSA 1978 (1991 comp).

3. February 28, 2008, Plaintiff brought suit against Papa Johns and its insurer before the

New Mexico Workers' Compensation Administration claiming medical and indemnity benefits arising from an automobile accident on August 14, 2007. Ex. 3, docketing record.

2. Worker missed two days from work after the on-the-job injury of August 14, 2007. Thereafter, Worker continued to work in light duty status for Papa John's Pizza USA Inc. until his termination on October 17, 2007. Ex. 2, compensation order pg. 4, ¶ 29-34.

3. March 21, 2008, Mr. Timothy Hale, esquire, entered his appearance on behalf of Papa John's Pizza USA Inc. and New Hampshire Insurance Company. Ex. 3.

4. The Workers' Compensation Judge, (hereinafter referred to as "WCJ"), applies the rules of civil procedure and the rules of evidence of the district courts of New Mexico to the adjudication process. §52-5-4 NMSA 1978 (Repl. Pamp. 1991), Labor and Workers' Compensation general provisions Title 11, Chapter 4, Part 1, rule 11.4.4.12 P.

5. Employer/Insurer asserted a compulsory counterclaim in worker's compensation case claiming that worker was not entitled to any indemnity compensation because he was fired for cause on October 17, 2007. Exhibit 1, *Pretrial Order pg. 2, ¶8. See Lackey v. Darrell Julian Const.*, 125 N.M. 592, 964 P.2d 153 (N.M. App. 1998)

6. The amount in controversy regarding the issue of whether worker was fired for cause was forty nine thousand four hundred forty dollars. (Temporary total disability from 10-17-07 thru 5-20-09, 83 wks x $595.67= $49,440.00) Ex. 2, pg. 7, ¶ 10.

7. September 15, 2008, WCJ Helen Stirling was assigned the case. Exhibit 3.

8. January 12, 2009, the WCJ entered a discovery order allowing the exchange of interrogatories, request for admissions and request for production. The discovery order allowed the taking of depositions which included all the Plaintiff's medical providers, the Plaintiff,

Plaintiff's supervisor Rick Thompson, human resource officer Laura Jackson, and training officer Benny Trujillo. Ex. 3.

9. Interrogatories and request for production were exchanged by both parties. Plaintiff also sent the employer/insurer request for admissions. Ex. 3.

10. February 20, 2009, the WCJ issued her calendering order setting trial for June 19, 2009. Ex. 4.

11. The following depositions were taken in the case before a notary and court reporter:
   a. Timothy Hartnett, Plaintiff
   b, Dr. Thomas Arnold
   c. Dr. Manual A. Gurule
   d. Dr. Richard Weber
   e. Mr. Benny Trujillo, Papa John Pizza USA Inc. Training Officer
   f. Mr. Rick Thompson, Papa John's Pizza USA Inc. Vice President
   g. Ms. Laura Jackson, Papa John's Pizza USA Inc., Human Resources

Ex. 1.

12. June 19, 2009, the WCJ entered a pretrial order. Ex. 1.

13. Trial on the merits occurred on June 19, 2009. The parties tried the case for an entire day. Ex. 3 and ex. 8.

14. Mr. Thompson and Ms. Jackson attended the trial on behalf of the employer and testified under oath before the WCJ. Ex. 1, ex. 8.

15. January 6, 2010 employer/insurer filed its requested findings of fact and conclusions of law requesting the court make the finding and conclusions of law that Plaintiff was fired for cause and that employer/insurer owed the Plaintiff no indemnity. Exhibit 5, Employer/Insurer proposed findings, 22, 30 and 84, proposed conclusions of law 8 and 15.

16. April 13, 2010, Papa John's Pizza USA Inc. and the worker stipulated to having Judge

Gregory Griego decide the case. Ex. 3.

17. April 20, 2010, Judge Griego filed a certificate of familiarity with the record. Ex. 3.

18. Judge Griego ruled on the objections found in the deposition testimony found in the depositions admitted into evidence. Ex. 6.

18. April 20, 2010, Judge Griego filed his memorandum opinion stating that the issue of Plaintiff's termination was necessarily decided to determined whether Plaintiff was entitled to temporary total disability benefits. Ex. 7, Memorandum Opinion pg 2, ¶3.

12. May 13, 2010, Judge Griego entered his compensation order finding the Plaintiff was not fired for cause and awarding indemnity benefits. Ex. 2, pg. 4, finding ¶ 30, pg. 6 conclusion of law ¶ 9.

13. The indemnity awarded the worker through the compensation order was capped by the New Mexico Workers' Compensation Act at a rate of $595.96 per week. Ex. 2, pg. 6, ¶ 8.

13. June 12, 2010, Papa John's Pizza USA Inc. failed to appeal to the New Mexico Court of Appeals and the compensation order became a final order. § 52-5-8 NMSA 1978 (Repl. Pamp. 1991).

## ARGUMENT

The New Mexico Workers' Compensation Administration has exclusive jurisdiction over worker's claims for benefits. §52-1-6, NMSA 1978 (Repl. Pamp. 1991). The Workers' Compensation Administration hires judges with law degrees. §52-5-2 (C) NMSA 1978 (Repl. Pamp. 1991). The WCJ applies the rules of civil procedure as well as the rules of evidence for the District Courts of New Mexico. §52-5-4 NMSA 1978 (Repl. Pamp. 1991). Any party to an action before the Administration has a right to appeal to the New Mexico Court of Appeals § 52-

4

5-8 NMSA 1978 (Repl. Pamp. 1991). All hearings and trials are recorded. Labor and Workers' Compensation general provisions, Title 11, Chapter 4, Part 1, rule 11.4.4.12(O). All witness testify under oath before a notary/court reporter or before the WCJ who administers an oath. id. rule 11.4.4.12(H)(P).

Papa John's Pizza USA Inc. asserted a compulsory counterclaim in the worker's compensation case claiming that the worker was terminated for cause on October 17, 2007 and, was therefore, not entitled to any award of temporary total disability benefits in the compensation case. The compulsory counte-claim and the worker's claim for indemnity benefits had a common origin and a logical relationship. Exhibit 1, *Pretrial Order pg. 2, ¶8.* SCRA 1986 Civ P.R. 1-013(A), *Heffern v. First Interstate Bank*, 99 N.M. 531, 533, 660 P.2d 621, 623 (Ct.App. 1983)(quoting *Southern Contr Co., Inc. V. Pickard*, 371 U.S. 57, 60, 83 S.Ct. 108, 110, 9 L.Ed. 2d 31 (1962). The defense is know as the "Lackey defense" arising from the common law case of *Lackey v. Darrell Julian Const.*, 125 N.M. 592, 964 P.2d 153 (N.M. App. 1998).

Mr. Lackey was an injured worker with a compensable case. While working for the employer on light duty restrictions, Mr. Lackey chose to consume alcohol at lunch and return to work. The employer fired Mr. Lackey based on a violation of company policy. The court held that Mr. Lackey's firing was for good cause and that Mr. Lackey had voluntarily removed himself from the workforce and denied him his temporary total disability benefits. *Lackey*, pg 595.

In the workers' compensation case, Papa John's Pizza USA Inc. did not assert that worker was an "at will" employee. If Papa John's Pizza USA Inc. had alleged worker was an "at will" employee in the workers' compensation case it would have had no defense to the worker's claim

for temporary total disability benefits. See *Ortiz v. BTU Block & Concrete Co.*, 1996-NMCA-097, 122 N.M. 382, 925 P.2d, and §52-1-25.1 (B) NMSA 1978 (Repl. Pamp. 1991).

The issue of whether the plaintiff was fired on October 17, 2007 for good cause was tried before the WCJ. At trial, Papa John's Pizza USA Inc. alleged that the basis for Plaintiff's termination was that he had filed a false mileage voucher on September 22, 2007. Ex. 1, pg 2, ¶ 8, ex. 8. In his memorandum opinion the WCJ stated:

> The next issue posed for determination is whether Worker's termination acts as a bar to receipt of temporary total disability benefits. The issue explicitly raises the question of whether Worker was terminated for good cause. If Worker was terminated for good cause, Worker would be deemed to be voluntarily under employed and would not be entitled to temporary total disability benefits prior to the date of maximum medical improvement.

Ex. 7, Pg. 2. The issue of whether worker was fired for cause was necessary decided by the WCJ in reaching his decision that the worker was entitled to temporary total benefits. *Lackey*, pg. 595.

In reaching his decision, the WCJ rejected Papa John's Pizza USA Inc.'s contention that worker was fired for cause. The WCJ stated in his memorandum opinion, "considering the totality of the evidence in this case, it is the Writer's conclusion that the Worker was not terminated for good cause. Employer's investigation was deeply flawed and relied on information which ultimately appears to be materially unreliable." Ex. 7, pg 3, ¶ 1. The WCJ found that the termination was not for good cause in the compensation order. Ex. 2, Pg. 4, ¶ 30.

Whether the doctrine of collateral estoppel and/or res judicata (claim preclusion) apply is within the court's discretion. *Shovelin v. Central New Mexico elec. Co-Op., Inc.*, 115 N.M. 293, 299, 850 P.2d 996 (N.M. 1993). The New Mexico Supreme Court has held that administrative

6

agency decisions can be given preclusive effect if the court renders a decision within its adjudicatory authority of the agency employing procedures substantially similar to those used in a court of law. Shovelin, pg 298, *United States v. Utah Constr & Mining Co.*, 384 U.S. 394, 421, 86 S.Ct. 1545, (1966).

Res judicata or claim preclusion precludes a party from relitigating a cause of action when (1) the cause of action is identical in both suits; (2) the same parties are involved; (3) the capacity or character of persons for or against whom the claim is made is the same; and (4) the subject matter is identical. *Moffat v. Branch*, 132 N.M. 412, 49 P.3d 673 (N.M.App.2002).

In the workers' compensation case Papa John's Pizza USA Inc. vigorously litigated its defense that they had terminated worker for cause. The subject matter regarding the October 17, 2007 termination is the same in both the workers' compensation claim and the Federal claim: whether or not the employer had good cause for the termination of the worker/plaintiff based on the allegation that worker/plaintiff filed a false mileage voucher for September 22, 2007. Additionally, the witness, exhibits and testimony in the workers' compensation suit will be the same in the Federal case as they relate to the termination of the worker/plaintiff.

In conclusion, the issue of whether or not Plaintiff was fired for cause on October 17, 2007 has been previously tried and decided. Plaintiff respectfully request the court enter an order that the defendant Papa John's Pizza Inc, breached its duty when it terminated Plaintiff's employment without good cause, and allow this case to proceed to determine damages.

*[signature]*

Patrick Larkin Fogel
Attorney for Plaintiff
205 Truman NE
Albuquerque, NM 87108
(505) 255-9092
1 (505) 213-0888 efax
Pat@Fogellawfirm.com

 hereby certify that I electronically
transmitted the attached document to the
Clerk's Office using the CM/ECF System
for filing and transmittal of a Notice of Electronic
Filing to the following CM/ECF registrants,
and mailed a copy of the same to the
following this 25th May 2011.

Mark Ogden, Pro Hac Vice Attorney
Rossana S. Eltanal
Littler Mendelson, P.C
2425 East Camelback road, Suite 900
Phoenix, AZ 85016

*[signature]*
Christina Houghton

8