IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TIMOTHY HARTNETT,

  Plaintiff,

vs.                  No. CIV 10-1105 JB/CG

PAPA JOHN'S PIZZA USA, INC.,

  Defendant.

**MEMORANDUM OPINION AND ORDER**

  **THIS MATTER** comes before the Court on: (i) the Plaintiff's Motion for Summary Judgment, filed May 25, 2011 (Doc. 29); and (ii) the Defendant's Cross-Motion for Summary Judgment, filed June 14, 2011 (Doc. 33). The Court held a hearing on August 25, 2011. The primary issues are: (i) whether res judicata or collateral estoppel preclude Defendant Papa John's Pizza USA, Inc. ("Papa John's") from arguing that it had a reasonable belief that it terminated Plaintiff Timothy Hartnett for cause; (ii) whether res judicata or collateral estoppel preclude Papa John's from arguing that Hartnett is an at-will employee; and (iii) whether res judicata or collateral estoppel preclude Hartnett from arguing retaliatory discharge. All parties agree that the issue of good cause was litigated in a prior workers' compensation case and that the Workers' Compensation Judge necessarily determined that it did not exist. The Court will grant in part Plaintiff's Motion for Summary Judgment and preclude the parties from relitigating the existence of good cause. The Court, however, will not preclude litigation whether Hartnett was an at-will employee or whether Papa John's reasonably believed in its good cause justification, because Hartnett failed to establish that either issue was litigated or determined in the workers' compensation case. Because Hartnett did not satisfy the requirements of collateral estoppel for those issues, the Court will deny in part

Plaintiff's Motion for Summary Judgment. Because the parties agree that the retaliatory discharge claim is precluded and that summary judgment on that claim is appropriate, the Court will grant the Defendant's Cross-Motion for Summary Judgment and dismiss the retaliatory discharge claim (Count IV) with prejudice.

## FACTUAL BACKGROUND

Papa John's employed Hartnett. See Plaintiff's Memorandum in Support of Summary Judgment ¶ 3, at 1-2, filed May 25, 2011 (Doc. 29-1)("Plaintiff's Mem. Summary Judgment"); Defendant's Opposition to Plaintiff's Motion for Summary Judgment, filed June 14, 2011, ¶ 1, at 2 (Doc. 32)("Defendant's Response").[1] On August 14, 2007, Plaintiff sustained an injury in an automobile accident. See Plaintiff's Mem. Summary Judgment ¶ 3, at 2; Defendant's Response ¶ 1, at 2. Hartnett worked light duty for Papa John's after the accident, and on October 17, 2007, Papa John's terminated Hartnett's employment for allegedly filing a false mileage voucher. See Plaintiff's Mem. Summary Judgment second ¶ 2, at 2; Defendant's Response ¶ 2, at 2.

On February 28, 2008, Hartnett submitted a complaint for workers' compensation benefits against Papa John's before the State of New Mexico Workers' Compensation Administration, see Hartnett v. Papa John's Pizza, WCA No. 088-00106. See Plaintiff's Mem. Summary Judgment ¶ 3, at 1; Defendant's Response ¶ 3, at 2. The Workers' Compensation Judge ("WCJ") applies the New Mexico rules of civil procedure and rules of evidence. See N.M.S.A. 1978, § 52-5-4; N.M.A.C. § 11.4.4.12; Plaintiff's Mem. Summary Judgment ¶ 4, at 2.

---

[1]Plaintiff's Mem. Summary Judgment contains two paragraphs numbered 2, two paragraphs numbered 3, two paragraphs numbered 12, and two paragraphs numbered 18. Plaintiff's Mem. Summary Judgment also contains three paragraphs numbered 13. The Court will refer to the second of each of these as "second ¶ __" and the third paragraph 13 will be "third ¶ 13" so that the parties know to which paragraph the Court is referencing.

Nineteen contested issues were presented to the WCJ, including whether Hartnett's termination was for good cause. See Worker's Compensation Memorandum Opinion at 1-3, filed May 25, 2011 (Doc. 29-8)("WCJ Opinion"). Papa John's alleged that it terminated Hartnett for good cause after Hartnett submitted false mileage vouchers. See Plaintiff's Mem. Summary Judgment at 6; WCJ opinion at 3. After extensive discovery, the parties tried the case on June 19, 2009. See Plaintiff's Mem. Summary Judgment ¶¶ 8-13, at 2-3. On April 20, 2010, the WCJ, Gregory Griego, issued the WJC Opinion. See WCJ Opinion at 1. The WCJ found that "the Worker was not terminated for good cause," that the "Employer's investigation was deeply flawed and relied on information which ultimately appears to be materially unreliable," and that "there was a clear rush to judgment." WCJ Opinion at 3. The WCJ also found that "there is an inadequate record in this case to demonstrate that Worker was terminated because of his seeking workers' compensation benefits." WCJ Opinion at 3. On May 13, 2010, the WCJ entered his Compensation Order finding that Hartnett "was not terminated for good cause" and awarding benefits. Compensation Order at 4, 6-7, filed May 25, 2011 (Doc. 29-3). The Compensation Order also stated that "the termination of the Worker was not retaliatory for pursuing a workers' compensation claim." Compensation Order at 4.

## PROCEDURAL BACKGROUND

Hartnett filed this case in the Second Judicial District Court, Bernalillo County, State of New Mexico, on October 8, 2010. See Notice of Removal ¶ 1, at 1, filed November 19, 2010 (Doc. 1). Hartnett's Complaint alleged wrongful discharge, retaliatory discharge, defamation, and negligence. See Complaint for Damages For Wrongful Termination, Retaliatory Discharge, Defamation of Character, and Punitive Damages at 7-13, filed November 19, 2011 (dated October 8, 2010)("Complaint"). Papa John's removed the case to federal court on November 19, 2010 pursuant

to 28 U.S.C. § 1332 diversity jurisdiction. See Notice of Removal ¶¶ 3-4, at 2. On March 9, 2011, Hartnett filed an Amended Complaint alleging: (i) breach of an implied contract of employment and breach of the implied covenant of good faith and fair dealing; (ii) retaliatory discharge; and (iii) defamation. See Amended Complaint, filed March 9, 2011 (Doc. 25). Papa John's answered on April 11, 2011, asserting that Hartnett's employment was at will, denying the existence of an implied contract, denying retaliatory discharge, and denying that the allegations against Hartnett were false or that Papa John's knew that they were false. See Answer to Plaintiff's Amended Complaint at 4-6, filed April 11, 2011 (Doc. 28)("Answer"). Papa John's also asserted affirmative defenses to Hartnett's allegations. See Answer at 6-9.

Harnett moved for summary judgment on May 25, 2011. See Motion for Summary Judgment ("Plaintiff's Motion"). Hartnett moved for summary judgment on the basis of res judicata or claim preclusion, and of collateral estoppel or issue preclusion. See Plaintiff's Mem. Summary Judgment at 1. Hartnett argues that the parties litigated and that the WCJ necessarily decided the issue whether he was terminated for good cause on October 17, 2007. See Plaintiff's Mem. Summary Judgment at 1. Hartnett also contends that Papa John's is precluded from now asserting that Hartnett was an at-will employee, because Papa John's did not argue Hartnett's at-will status before the WCJ where it would have given Papa John's "no defense to the worker's claim for temporary total disability benefits." Plaintiff's Mem. Summary Judgment at 5-6. On June 14, 2011, Papa John's filed Defendant's Opposition to Plaintiff's Motion for Summary Judgment, asserting that "irrespective of whether Plaintiff was terminated for good cause, Plaintiff has not yet established Defendant's liability to allow this case to proceed to a determination of damages." Defendant's Response at 1. Papa John's asserts that: (i) the Court cannot preclude it from defending, for the first time, liability for breach of an implied contract; (ii) Papa John's can defeat

-4-

the implied contract claim by establishing that it reasonably believed that it fired Hartnett for good cause; and (iii) Hartnett has not demonstrated how a finding on good cause establishes liability for retaliatory discharge. See Defendant's Response at 4-6.

On June 14, 2011, Papa John's also filed Defendant's Cross-Motion for Summary Judgment. See Doc. 33 ("Defendant's Motion"). Papa John's moves for summary judgment against Hartnett on the retaliatory discharge counts, because the parties litigated and the WCJ necessarily determined the merits of the retaliation claim. See Defendant's Motion at 2. On June 28, 2011, Hartnett filed his Plaintiff's Reply to Defendant's Response to Summary Judgment and Response to Defendant's Cross Summary Judgment, filed June 28, 2011 (Docs. 35, 36)("Plaintiff's Reply and Response").[2] Hartnett does not dispute that the parties fully litigated the retaliatory discharge claim, that the WCJ decided that Papa John's did not discharge Hartnett in retaliation for seeking workers' compensation, or that "summary judgment is appropriate as it relates to Plaintiff's claim for retaliatory discharge." Plaintiff's Reply and Response at 1. Hartnett also asserts, however, that he is entitled to "partial summary judgment based on either res judicata or collateral estoppel on the issue of whether Plaintiff was terminated for good cause by the Defendant on October 17, 2007." Plaintiff's Reply and Response at 1. Hartnett argues first that res judicata precludes Papa John's from relitigating issues already decided and relies on collateral estoppel as an alternative ground should the Court determine that the causes of actions in the two proceedings are different. See Plaintiff's Reply and Response at 2, 4. Hartnett contends that, had Papa John's claimed at the

---

[2]Hartnett filed two motions titled "Plaintiff's Reply to Defendant's Response to Summary Judgment and Response to Defendant's Cross Summary Judgment" on June 28, 2011. CM/ECF indicates that Doc. 35 is intended to be the Reply and that Doc. 36 is intended to be the Response; however, the documents are identical. The Court will refer to both these documents as "Plaintiff's Reply and Response."

workers' compensation trial that Hartnett was an at-will employee, it would have had no defense to the payment of temporary total disability.  See Plaintiff's Reply and Response at 3.  Hartnett alleges that instead of arguing that Hartnett was an at-will employee, Papa John's elected to bring a good-cause defense and that the Court should not permit Papa John's to assert Hartnett's at-will status as a defense.  See Plaintiff's Reply and Response at 3.  Hartnett further asserts that Papa John's cannot allege that it reasonably believed that it had sufficient cause to discharge Hartnett, because the WCJ found that Papa John's relied on "material assumptions that were in error."  Plaintiff's Reply and Response at 5 (citing WCJ Opinion at 5).  Papa John's then filed its Defendant's Reply in Support of its Cross-Motion Summary Judgment and Notice of Plaintiff's Non-Opposition, filed July 14, 2011 (Doc. 27)("Defendant's Reply").  Papa John's asserts that Hartnett does not oppose the retaliatory discharge claim's dismissal and requests that the Court dismiss the claim with prejudice.  See Defendant's Reply at 1.

## LAW REGARDING MOTIONS FOR SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).  The movant bears the initial burden of "show[ing] that there is an absence of evidence to support the nonmoving party's case."  Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991)(internal quotation marks omitted).  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the movant meets this burden, rule 56(e) requires the non-moving party to designate specific facts showing that there is a genuine issue for trial.  See Celotex Corp. v. Catrett, 477 U.S. at 324; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535, 1539 (10th Cir. 1993)("However, the nonmoving

party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof.")(internal quotation marks omitted).

The party opposing a motion for summary judgment must "set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). Rule 56 provides that "an opposing party may not rely merely on allegations or denials in its own pleadings; rather, its response must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). It is not enough for the party opposing a properly supported motion for summary judgment to "rest on mere allegations or denials of his pleadings." Anderson v. Liberty Lobby, Inc., 477 U.S. at 256. See Abercrombie v. City of Catoosa, 896 F.2d 1228, 1231 (10th Cir. 1990); Otteson v. United States, 622 F.2d 516, 519 (10th Cir. 1980)("However, 'once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried.'"). Nor can a party "avoid summary judgment by repeating conclusory opinions, allegations unsupported by specific facts, or speculation." Colony Nat'l Ins. Co. v. Omer, No. 07-2123, 2008 WL 2309005, at *1 (D. Kan. June 2, 2008)(citing Fed. R. Civ. P. 56(e) and Argo v. Blue Cross & Blue Shield of Kan., Inc., 452 F.3d 1193, 1199 (10th Cir. 2006)). "In responding to a motion for summary judgment, 'a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial.'" Colony Nat'l Ins. Co. v. Omer, 2008 WL 2309005, at *1 (quoting Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988)).

Genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. at 250. A mere "scintilla" of evidence will not avoid summary judgment. Vitkus v. Beatrice Co., 11 F.3d at 1539. Rather, there must be sufficient evidence on which the fact-finder could reasonably find for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 251 (quoting Schuylkill & Dauphin Improv. Co. v. Munson, 81 U.S. 442, 448 (1871)); Vitkus v. Beatrice Co., 11 F.3d at 1539. "[T]here is no evidence for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable . . . or is not significantly probative, . . . summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. at 249 (citations omitted). Where a rational trier of fact, considering the record as a whole, could not find for the non-moving party, there is no genuine issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

When reviewing a motion for summary judgment, the court should keep in mind three principles. First, the court's role is not to weigh the evidence, but to assess the threshold issue whether a genuine issue exists as to material facts requiring a trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 249. Second, the court must resolve all reasonable inferences and doubts in favor of the non-moving party, and construe all evidence in the light most favorable to the non-moving party. See Hunt v. Cromartie, 526 U.S. 541, 550-55 (1999). Third, the court cannot decide any issues of credibility. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 255.

## NEW MEXICO LAW REGARDING PRECLUSION

"The principles of preclusion operate to promote finality in civil disputes by relieving parties of the burdens of multiple lawsuits, conserving judicial resources, and preventing inconsistent decisions." Rosette, Inc. v. U.S. Dep't of the Interior, 142 N.M. 717, 726, 169 P.3d 704, 713 (Ct.

App. 2007). Administrative adjudicative determinations may be given preclusive effect "if rendered under conditions in which the parties have the opportunity to fully and fairly litigate the issue at the administrative hearing." Shovelin v. Cent. N.M. Elec. Coop., Inc., 115 N.M. 293, 298, 850 P.2d 996, 1001 (1993)(citing United States v. Utah Constr. & Mining Co., 384 U.S. 394, 422 (1966)). In addition, for preclusion to apply to an administrative decision the administrative body must be acting in a judicial capacity and resolve disputed questions of fact properly before it. See Guzman v. Laguna Dev. Corp, 147 N.M. 244, 248, 219 P.3d 12, 16 (Ct. App. 2009).

   **1.**  **<u>New Mexico Law Regarding Res Judicata or Claim Preclusion</u>**.

Claim preclusion or res judicata "bars relitigation of the same claim between the same parties or their privies when the first litigation resulted in final judgments on the merits." Deflon v. Sawyers, 139 N.M. 637, 640, 137 P.3d 577, 580 (2006)(citations omitted). The party asserting res judicata must satisfy four elements: (i) the same parties or parties in privity; (ii) the identity of capacity or character of persons for or against whom the claim is made; (iii) the same subject matter; and (iv) the same cause of action in both suits. See Apodaca v. AAA Gas Co., 134 N.M. 77, 101, 73 P.3d 215, 239 (Ct. App. 2003). Res judicata bars not only claims that were raised in the prior proceeding, but also claims that could have been raised. See Kirby v. Guardian Life Ins. Co., 148 N.M. 106, 124, 231 P.3d 87, 105 (2010)(citations omitted). Res judicata will only bar a claim "when there has been a full and fair opportunity to litigate issues arising out of that claim." Kirby v. Guardian Life Ins. Co., 148 N.M. at 124, 231 P.3d at 105.

If the causes of action in the two proceedings are different, res judicata is inapplicable. See Bank of Santa Fe v. Marcy Plaza Assocs., 131 N.M. 537, 540, 40 P.3d 442, 445 (Ct. App. 2001). New Mexico courts look to three factors to determine whether the first and subsequent claims are "so interwoven as to constitute a single claim for purposes of res judicata." Bank of Santa Fe v.

Marcy Plaza Assocs., 131 N.M. at 541, 924 P.3d at 446.  Those factors include: (i) "the relatedness of the facts in time, space, origin, or motivation;" (ii) "whether, taken together, the facts form a convenient unit for trial purposes;" and (iii) "whether the treatment of the facts as a single unit conforms to the parties' expectations or business understanding or usage."  Bank of Santa Fe v. Marcy Plaza Assocs., 131 N.M. at 541, 924 P.3d at 446.

### 2.    New Mexico Law Regarding Collateral Estoppel or Issue Preclusion

"[C]ollateral estoppel, also called issue preclusion, prevents a party from re-litigating 'ultimate facts or issues actually and necessarily decided in a prior suit.'" Ullrich v. Blanchard, 142 N.M. 835, 839, 171 P.3d 774, 778 (Ct. App. 2007)(quoting Deflon v. Sawyers, 139 N.M. 637, 137 P.3d 577 (2006); Adams v. United Steelworkers of Am., 97 N.M. 369, 373, 640 P.2d 475, 479 (1982)). For collateral estoppel to apply, four elements must be met: "(1) the parties in the current action were the same or in privity with the parties in the prior action, (2) the subject matter of the two actions is different, (3) the ultimate fact or issue was actually litigated, and (4) the issue was necessarily determined." Ullrich v. Blanchard, 142 N.M. at 839, 171 P.3d at 778 (quoting City of Sunland Park v. Macias, 134 N.M. 216, 220, 75 P.3d 816, 820 (Ct. App. 2003)).  If the party invoking the doctrine establishes a prima-facie case, then the burden shifts to the party opposing collateral estoppel to show that he or she was not afforded a fair opportunity to litigate the issue in the prior proceeding.  See Padilla v. Intel Corp., 125 N.M. 698, 701, 964 P.2d 862, 865 (Ct. App. 1998); State v. Bishop, 113 N.M. 732, 734, 832 P.2d 793, 795 (Ct. App. 1992).

Whether the doctrine of collateral estoppel should be applied is within the trial court's discretion, and the exercise of discretion is reviewed for an abuse of discretion on appeal.  See Shovelin v. Cent. N.M. Elec. Coop., 115 N.M. at 299, 850 P.2d at 1002.  Even when all the elements of collateral estoppel are present, the trial court must consider whether countervailing equities

militate against application of the doctrine.  See Hyden v. Law Firm of McCormick, Forbes, Caraway & Tabor, 115 N.M. 159, 164, 848 P.2d 1086, 1091 (Ct. App. 1993). Collateral estoppel should be applied only where the judge determines that its application would not be fundamentally unfair.  See Reeves v. Wimberly, 107 N.M. 231, 234, 755 P.2d 75, 78 (Ct. App. 1988).

## ANALYSIS

Because Hartnett's claims of breach of an implied contract and defamation are different from the causes of action presented to the WCJ, the Court will analyze the Plaintiff's Motion for Summary Judgment under the doctrine of collateral estoppel.  Whether Hartnett was an at-will employee was neither litigated before the WCJ nor necessary to the WCJ's decision, because an at-will employee may still be fired for good cause.  Papa John's argument that Hartnett was fired for cause is therefore not inconsistent with its position that he is an at-will employee, and the WCJ proceeding will not preclude litigation of this issue.  Additionally, the WCJ does not appear to have determined whether Papa John's reasonably believed that it had sufficient cause to terminate Hartnett's employment, and Hartnett has not established that this issue was litigated in the prior action.

The retaliation claim was, however, one of the causes of action brought before the WCJ.  The Court will, therefore, analyze the Defendant's Cross-Motion for Summary Judgment under the doctrine of res judicata.  Because Hartnett agrees that the retaliatory discharge is precluded, the Court will grant Papa John's motion.

## I.   THE COURT WILL GRANT IN PART AND DENY IN PART HARTNETT'S MOTION FOR PARTIAL SUMMARY JUDGMENT.

Hartnett argues that Papa John's assertions, that Hartnett is an at-will employee and that it reasonably believed that it had sufficient cause to discharge Hartnett, are precluded under the

doctrine of res judicata or of collateral estoppel. Because the Court's jurisdiction is based on diversity, New Mexico state law governs the inquiry. See Wisznia v. City of Albuquerque, 135 F. App'x 181, 185 (10th Cir. 2005)(applying New Mexico res judicata principles in a diversity action). An administrative decision may be given preclusive effect only if the administrative body acted in a judicial capacity and resolved disputed questions of fact properly before it. See Guzman v. Laguna Dev. Corp., 147 N.M. at 248, 219 P.3d at 16. The parties do not dispute that the WCJ acted in such a manner. The WCJ proceeding was a formal legal proceeding, with the presentation of evidence, findings of fact and legal conclusions. See Plaintiff's Mem. Summary Judgment ¶¶ 4-15, at 2-3; WCJ Opinion at 1-5; Compensation Order at 1-7. The Court, therefore, may preclude the parties from relitigating claims or issues from the WCJ proceeding.

Res judicata precludes relitigation of the same claim between parties, while collateral estoppel precludes relitigation of ultimate facts or issues necessarily decided in the prior proceeding. See Alba v. Hayden, 148 N.M. 465, 467, 237 P.3d 767, 769 (Ct. App. 2010)(citations omitted). Res judicata applies only when the causes of action in each proceeding are the same, which is determined by looking at the relatedness of the facts, whether the facts form a convenient trial unit, and whether treatment of the case as a single unit conforms to party expectations. See Apodaca v. AAA Gas Co., 134 N.M. at 101, 73 P.3d at 239; Bank of Santa Fe v. Marcy Plaza Assocs., 131 N.M. at 541, 924 P.3d at 446. The case before the Court presents for the first time a claim that there was a breach of an implied contract and defamation. Hartnett's focus on his at-will status and on Papa John's reasonable belief in good cause calls for an analysis under collateral estoppel, because they are discrete issues rather than broad claims and arise in the context of new causes of action. Although there is certainly an overlap between the facts in the WCJ proceeding and the facts before the Court, the Court's analysis will require facts that go beyond those before the WCJ. To determine

whether an implied contract exists, the Court must look beyond the facts giving rise to the litigation and examine the inception of the employment relationship. See Bank of Santa Fe v. Marcy Plaza Assocs., 131 N.M. at 446, 40 P.3d at 541 ("[The facts] are interrelated only because they both fall under the general category of a dispute concerning rental payments under the lease, but the claims involve different calculations and arose at different times . . ."). The second factor, whether the facts form a convenient trial unit, also calls for the conclusion that res judicata does not apply. The WCJ is a tribunal of limited jurisdiction, and it was designed to address accidental events or acts that injure workers. See Salazar v. Torres, 138 N.M. 510, 516, 122 P.3d 1279, 1285 (Ct. App. 2005); State ex rel. Martinez v. Kerr-McGee Corp., 120 N.M. 118, 122, 898 P.2d 1256, 1260 (Ct. App. 1995)("Claims are not precluded . . . where a plaintiff could not seek a certain relief or rely on a certain theory in the first action due to limitations on the subject matter jurisdiction of the first tribunal."). Finally, Papa John's would not reasonably expect to be precluded from litigating in a future case issues that did not directly relate to Hartnett's claim for benefits in the workers' compensation case. See Bank of Santa Fe v. Marcy Plaza Assocs., 131 N.M. at 447, 40 P.3d at 542 ("It would be unreasonable for the Bank to assume that, having addressed the narrow issue of whether finance expenses are deductible in determining 'net profit,' it would never have to arbitrate any dispute concerning rental payments ever again.")(citations omitted).

Because the causes of action are not the same, res judicata does not apply. The Court will therefore analyze Hartnett's Motion for Summary Judgment under the doctrine of collateral estoppel. Hartnett and Papa John's agree that whether Papa John's terminated Hartnett for good cause was litigated and necessarily determined in the WCJ proceeding. See Defendant's Response at 4, 6. Papa John's is, therefore, collaterally estopped from relitigating the good-cause issue, and the Court will grant partial summary judgment as to this issue. Papa John's asserts that this finding

does not conclusively establish its liability and that it can defeat any attempt to establish liability by arguing that Hartnett was an at-will employee and that it had a reasonable belief of good cause. See Defendant's Response at 4-5. Hartnett asserts that these arguments are collaterally estopped by the finding lack of good cause. See Plaintiff's Reply and Response at 2-4.

### A. WHETHER HARTNETT WAS AN AT-WILL EMPLOYEE WAS NOT LITIGATED OR NECESSARILY DETERMINED BY THE WCJ.

Hartnett's collateral estoppel argument focuses on whether the issues was litigated and necessarily decided. See Plaintiff's Reply and Response at 4. Hartnett suggests that, because Papa John's argued that it terminated Hartnett for cause before the WCJ, it necessarily conceded in that proceeding that Hartnett was not an at-will employee. See Plaintiff's Mem. Summary Judgment at 5. Hartnett further asserts that, because of how Papa John's chose to present its case before the WCJ, it should not now be allowed to argue that Hartnett was an at-will employee. See Plaintiff's Reply and Response at 3. Hartnett seems to suggest that, because Papa John's good cause argument allegedly conceded Hartnett's at-will status, the WCJ's finding of no good cause necessarily determined that Hartnett was not an at-will employee. See Plaintiff's Reply and Response at 2-3. Hartnett relies on Ortiz v. BTU Block & Concrete Co., 122 N.M. 381, 925 P.2d 1 (Ct. App. 1996), for the proposition that if Papa John's "had alleged worker was an 'at will' employee in the workers' compensation case it would have had no defense to the workers' claim for temporary total disability benefits." Plaintiff's Summary Judgmenat at 5-6 (citing Ortiz v. BTU Block & Concrete Co., 122 N.M. at 382-83, 925 P.2d at 2-3).

The Court of Appeals of New Mexico, in Ortiz v. BTU Block & Concrete Co., established that there are only "two exceptions to the requirement to that total disability benefits be paid." 122 N.M. at 382, 925 P.2d at 2. Benefits are not owed if the worker is released to return to work at pre-

injury wages, or are owed only for the difference between the pre-injury wage and post-injury wage if the worker returns to work at lower pay.  See Ortiz v. BTU Block & Concrete Co., 122 N.M. at 382, 925 P.2d at 2.  While Ortiz v. BTU Block & Concrete Co. creates a general rule that payment should be made for total disability benefits absent the application of the two limited exceptions, it does not establish Hartnett's proposition that Papa John's good-cause argument waived argument on Hartnett's at-will status.  See 122 N.M. at 382-83, 925 P.2d at 2-3; Plaintiff's Reply and Response at 3.

Hartnett's contention that good cause and at-will employment are mutually exclusive is mistaken.  An employee can be at will, and thus subject to discharge for any reason or no reason, and still be terminated for good cause.  Hartnett points to no authority, other than Ortiz v. BTU Block & Concrete Co., for the proposition that Papa John's good-cause argument before the WCJ conceded or waived the at-will argument; the Court will, therefore, turn to whether the issue was litigated or necessarily determined when the WCJ held that Hartnett's discharge was not for good cause.

Nowhere in his briefs or motion does Hartnett argue that the WCJ engaged in an analysis of Hartnett's at-will status or made a determination regarding the existence of an implied contract.  See Plaintiff's Mem. Summary Judgment; Plaintiff's Reply and Response.  The WCJ Opinion does not mention Hartnett's at-will status or any implied contract.  See WCJ Opinion at 1-6.  Hartnett admits that there was "no determination in the Compensation Order that an implied contract existed." Plaintiff's Reply and Response at 3.  Hartnett's argument suggests that his at-will status was never broached during the WCJ proceeding.  See Plaintiff's Reply and Response at 3.  The claim for benefits did not implicate Hartnett's status, and Papa John's reasonably asserts that "[t]he parties had no reason for the Workers' Compensation Administration to decide the issue of Plaintiff's at-

will status, particularly since such a determination had no impact on Plaintiff's recovery of benefits." Defendant's Response at 5. In Shovelin v. Cent. N.M. Elec. Coop., the Supreme Court of New Mexico stated:

> [W]hether Shovelin had the incentive to vigorously litigate the prior action, weighs in favor of upholding the trial court's refusal to apply collateral estoppel. . . . The amount in controversy was small indeed when compared to the amount that Shovelin could possibly have been, and eventually was, awarded by the jury in his breach of contract action."

115 N.M. at 299, 850 P.2d at 1002. The WCJ's finding that there was no good cause did not establish Hartnett's at-will status, because the good-cause finding did not relate to at-will employment; the good-cause finding only ensured that Hartnett did not fall within an exception to the general rule that injured workers are entitled to total disability benefits. See Ortiz v. BTU Block & Concrete Co., 122 N.M. at 382-83, 925 P.2d at 2-3.

Hartnett has not shown that preclusion applies to bar Papa John's at-will employment argument, because Hartnett's at-will status was not litigated in the WCJ proceeding. Furthermore, the WCJ did not necessarily determine that Hartnett is not an at-will employee, and Hartnett admits that the WCJ did not find an implied contract. Nor does the finding of no good cause establish collateral estoppel on Hartnett's at-will status, because good cause and at-will employment are not mutually exclusive, and because the WCJ made no finding that Hartnett's employment was terminable only for cause. Because Hartnett cannot establish that Papa John's is collaterally estopped from asserting this defense, the Court will deny Hartnett's motion for partial summary judgment on this issue.

**B.  WHETHER PAPA JOHN'S REASONABLY BELIEVED THAT IT HAD SUFFICIENT CAUSE TO DISCHARGE HARTNETT WAS NOT LITIGATED OR NECESSARILY DETERMINED BY THE WCJ.**

Harnett argues that the WCJ's finding that Papa John's did not discharge Hartnett for cause

necessarily precludes argument that Papa John's reasonably believed that it had good cause to discharge Hartnett.  See Plaintiff's Reply and Response at 5.  Hartnett points to the WCJ's specific findings that "[Papa John's] investigation was deeply flawed and relied on information which ultimately appears to be materially unreliable," and that the investigation was "shoddy and incomplete and made several assumptions that were in error."  Plaintiff's Reply and Response at 5 (quoting WCJ Opinion at 3, 5).  Hartnett further asserts that Papa John's could not argue that it reasonably believed it had good cause or reasonably relied on the "shoddy" investigation.  Plaintiff's Reply and Response at 5.  Papa John's asserts that whether it reasonably believed in its good cause was neither presented nor resolved in the WCJ proceeding, because Hartnett did not argue the breach of implied contract claim in that proceeding.  See Defendant's Response at 5-6.

New Mexico's Uniform Civil Jury Instructions explains that an employer's showing that it "in fact believed that [he][she] had a sufficient cause to justify the discharge of (employee)" defeats a breach of implied contract claim and establishes cause justifying discharge.  U.J.I. No. 13-2306, N.M.R.A. (punctuation original).  This instruction appears to be specific to breach-of-contract cases. See U.J.I. No. 13-2306, N.M.R.A. ("If (employer) agreed that (employee) could be discharged only for cause . . ."); Kestenbaum v. Pennzoil Co., 108 N.M. 20, 27, 766 P.2d 280, 287 (1988)("Accordingly, the jury could have absolved Pennzoil of liability under its implied contract with Kestenbaum provided that Pennzoil had reasonable grounds to believe that sufficient cause existed to justify his termination."); Gingrich v. Sandia Corp., 142 N.M. 359, 364-65, 165 P.3d 1135, 1140-41 (Ct. App. 2007)("The language employed by Sandia in its response tracks the language of UJI 13-2306 N.M.R.A., which sets out the standard for determining when an employer had discharged its duty to abide by the terms of an implied employment contract.").

Although the WCJ found that Papa John's investigation was "shoddy," Hartnett does not

-17-

establish or offer to establish that the WCJ necessarily determined that Papa John's belief in its cause decision was unreasonable. Plaintiff's Reply and Response at 5. Hartnett, in arguing that the issue whether Papa John's reasonably believed in its good cause should be precluded, does not offer any support for his assertion beyond reciting the comments of the WCJ and stating that Papa John's could not argue that it had a reasonable belief in reliance on the investigation. See Plaintiff's Reply and Response at 5. While Hartnett states that good cause was actually litigated and necessarily decided, he fails to assert that the issue of reasonable belief was also litigated and decided. See Plaintiff's Reply and Response at 4. It is unclear whether the WCJ was required to determine the reasonableness of Papa John's belief, but on the record before the Court there is no such explicit finding of reasonableness or unreasonableness despite a thorough opinion and compensation order. See WCJ Opinion at 3; Compensation Order at 4 ("That termination was not for good cause."). While the WCJ commented on the quality of the investigation and probably hinted that it thought that Papa John's actions were unreasonable, it did not clearly find or determine that fact. Breach of implied contract cases, on the other hand, require a determination of the reasonableness of the employer's belief that they had cause to terminate employment. See Kestenbaum v. Pennzoil Co., 108 N.M. at 27, 766 P.2d at 287 ("[T]he employer does not have to prove that the reason in fact existed."). Hartnett fails to establish that the reasonable belief issue was necessarily decided. The Court, therefore, cannot find that the issue whether Papa John's reasonably believed it had good cause to terminate Hartnett is precluded.

    Even if the WCJ had determined that Papa John's belief was unreasonable, Hartnett failed to establish that Papa John's actually litigated this issue or that it had a full and fair opportunity to litigate this issue. See Plaintiff's Reply and Response at 5. Because Hartnett's claim, for breach of an implied contract, was for the first time raised in the Amended Complaint, Papa John's could

reasonably not have raised the defense of reasonable belief in the WCJ proceeding, where the only claim was for workers compensation benefits.  See Defendant's Response at 5-6.  Hartnett, as the party invoking the doctrine, bears the burden of establishing the four elements of collateral estoppel. See Padilla v. Intel Corp., 125 N.M. 698, 701, 964 P.2d 862, 865.  Without more information about the proceedings before the WCJ, the Court cannot determine that the reasonableness of Papa John's belief in their good-cause justification was litigated and necessarily determined in the WCJ's lack of good-cause finding.  Finally, collateral estoppel is a matter of court discretion, and the Court will not exercise its discretion to preclude Papa John's argument while it retains doubts whether the issue was litigated before the WCJ.  See Shovelin v. Cent. N.M. Elec. Coop., 115 N.M. at 299, 850 P.2d at 1002.

The Court will deny Hartnett's Motion for Summary Judgment, because Hartnett has not established that he is entitled to judgment as a matter of law, as rule 56 of the Federal Rules of Civil Procedure requires, or that Papa John's should be precluded from arguing Hartnett's at-will status and its reasonable belief in cause for termination.

## II.     THE COURT WILL GRANT THE PAPA JOHN'S' MOTION FOR PARTIAL SUMMARY JUDGMENT.

Papa John's moved for partial summary judgment on the retaliatory discharge claim.  See Defendant's Motion at 1.  Hartnett, however, does not dispute that the retaliatory discharge claim was fully litigated, that the WCJ decided the merits of the retaliation claim, and that summary judgment is appropriate as it relates to the claim.  See Plaintiff's Reply and Response, at 1.

Because the retaliatory-discharge cause of action was raised in the WCJ proceeding, it is subject to the doctrine of res judicata.  See Apodaca v. AAA Gas Co., 134 N.M. at 101, 73 P.3d at 239.  As the parties do not dispute that the claim was previously litigated and decided, the Court will

grant the Defendant's Motion for Summary Judgment and dismiss the retaliatory discharge claim (Count IV) with prejudice.

    **IT IS ORDERED** that: (i) the Plaintiff's Motion for Summary Judgment, filed May 25, 2011 (Doc. 29) is granted in part and denied; and (ii) the Defendant's Cross-Motion for Summary Judgment, filed June 14, 2011 (Doc. 33) is granted and Hartnett's retaliatory discharge claim is dismissed with prejudice. It will be established that Defendant Papa John's did not terminate Plaintiff Hartnett for good cause. All of Hartnett's other requests for relief are denied.

                                                      _____
                                                      UNITED STATES DISTRICT JUDGE

*Counsel:*

Patrick L. Fogel
The Fogel Law Firm
Albuquerque, New Mexico

    *Attorney for the Plaintiff*

Frederick C. Miner
J. Mark Ogden
Littler Mendelson, P.C.
Phoenix, Arizona

    *Attorneys for the Defendant*