# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TIMOTHY HARTNETT,

       Plaintiffs,

vs.                                               No. CIV 10-1105 JB/CG

PAPA JOHN'S PIZZA, INC.,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Papa John's Motion to Vacate Trial Date and for Enlargement of Time Regarding Remaining Pre-Trial Deadlines Not Related to Dispositive Motions, Expedited Consideration Requested, filed August 15, 2012 (Doc. 79)("Motion to Vacate Trial Date"). The Court held a hearing on October 5, 2012. The primary issues are: (i) whether the Court should vacate the firm trial date set for November 5, 2012, for at least 120 days, so that the Court of Appeals of New Mexico may issue its decision on the parties' appeal regarding a related worker's compensation matter; and (ii) whether the Court should vacate the trial date for at least 120 days, so that the Court may rule on Defendant Papa John's Inc.'s Motion for Summary Judgment re: Plaintiffs' Breach of Contract Claim, filed August 29, 2012 (Doc. 92)("Breach of Contract MSJ"). For reasons stated on the record at the hearing and for further reasons stated herein, the Court will not vacate the November 5, 2012 trial date. Papa John's requests that the Court vacate the trial date because Papa John's believes that Hartnett could receive a double recovery if the Court of Appeals of New Mexico affirms its re-hire order on appeal and Hartnett is additionally awarded damages for future lost wages by a jury in this Court. Because Hartnett stated at the hearing that he likely will not be seeking damages for future lost wages from Papa John's, the Court

need not vacate the trial date to await a decision from the Court of Appeals of New Mexico. Although the Court has not yet held a hearing on Papa John's potentially dispositive Breach of Contract MSJ, the Court does not believe that Papa John's fear of wasting resources in preparation for trial, while awaiting the Court's ruling, is a fear that warrants vacating the trial date at this point; the Court and the parties are laboring under a normal pretrial schedule, and there is nothing at the present time that suggests the Court will not be able to meet its deadlines for trial.  The Court will thus deny Papa John's Motion to Vacate Trial Date, without prejudice to it renewing its motion if the assumptions on which the Court relies for its decision in this case prove incorrect.

## **FACTUAL BACKGROUND**

Papa John's employed Hartnett.  See Plaintiff's Memorandum in Support of Summary Judgment ¶ 3, at 1-2, filed May 25, 2011 (Doc. 29-1)("Plaintiff's Mem. Summary Judgment"); Defendant's Opposition to Plaintiff's Motion for Summary Judgment, filed June 14, 2011, ¶ 1, at 2 (Doc. 32)("Defendant's Response").[1]  On August 14, 2007, Hartnett sustained an injury in an automobile accident.  See Plaintiff's Mem. Summary Judgment ¶ 3, at 1-2 (asserting that Hartnett suffered an injury in an automobile accident on August 14, 2007); Defendant's Response ¶ 1, at 2 (not challenging that fact).  Hartnett worked light duty for Papa John's after the accident, and, on October 17, 2007, Papa John's terminated Hartnett's employment for allegedly filing a false mileage voucher.  See Plaintiff's Mem. Summary Judgment second ¶ 2, at 2, 6 (asserting that Hartnett was terminated on October 17, 2007 for "allegedly" filing false mileage vouchers); Defendant's

---

[1]Plaintiff's Mem. Summary Judgment contains two paragraphs numbered 2, two paragraphs numbered 3, two paragraphs numbered 12, and two paragraphs numbered 18.  Plaintiff's Mem. Summary Judgment also contains three paragraphs numbered 13.  The Court will refer to the second of each of these as "second ¶ __," and the third paragraph 13 will be "third ¶ 13," so that the parties know to which paragraph the Court is referencing.

Response ¶ 2, at 2 (asserting that Hartnett was terminated on October 17, 2007, but not identifying the reason therefor).

On February 28, 2008, Hartnett submitted a complaint for workers' compensation benefits against Papa John's before the State of New Mexico Workers' Compensation Administration, in Hartnett v. Papa John's Pizza, WCA No. 088-00106.  See Plaintiff's Mem. Summary Judgment ¶ 3, at 1-2 (asserting fact); Defendant's Response ¶ 3, at 2 (asserting fact).  The Workers' Compensation Judge ("WCJ") applies the New Mexico rules of civil procedure and rules of evidence.  See N.M.S.A. 1978, § 52-5-4; N.M.A.C. § 11.4.4.12; Plaintiff's Mem. Summary Judgment ¶ 4, at 2.

Nineteen contested issues were presented to the WCJ, including whether Hartnett's termination was for good cause.  See Worker's Compensation Memorandum Opinion at 1-3, filed May 25, 2011 (Doc. 29-8)("WCJ Opinion").  Papa John's alleged that it terminated Hartnett for good cause after Hartnett submitted false mileage vouchers.  See Plaintiff's Mem. Summary Judgment at 6; WCJ opinion at 3.  After extensive discovery, the parties tried the case before the WCJ on June 9, 2009.  See Plaintiff's Mem. Summary Judgment ¶¶ 8-13, at 2-3.  On April 20, 2010, the WCJ, Gregory Griego, issued the WJC Opinion.  See WCJ Opinion at 1.  Judge Griego found that "the Worker was not terminated for good cause," that the "Employer's investigation was deeply flawed and relied on information which ultimately appears to be materially unreliable," and that "there was a clear rush to judgment."  WCJ Opinion at 3.  Judge Griego also found that "there is an inadequate record in this case to demonstrate that Worker was terminated because of his seeking workers' compensation benefits."  WCJ Opinion at 3.  On May 13, 2010, Judge Griego entered his Compensation Order, finding that Hartnett "was not terminated for good cause" and awarding benefits.  Compensation Order at 4, 6-7, filed May 25, 2011 (Doc. 29-3).  The Compensation Order

also stated that "the termination of the Worker was not retaliatory for pursuing a workers' compensation claim."  Compensation Order at 4.

**PROCEDURAL BACKGROUND**

On October 8, 2010, Hartnett filed a complaint in the Second Judicial District, County of Bernalillo, State of New Mexico.  See Complaint for Damages for Wrongful Termination, Retaliatory Discharge, Defamation of Character, and Punitive Damages (October 8, 2010), filed November 19, 2010 (Doc. 1-1).  On November 19, 2010, Papa John's removed the action, pursuant to 28 U.S.C. §§ 1441(a) and 1446 to the United States District Court for the District of New Mexico.  See Defendant's Notice of Removal at 1, filed November 19, 2010 (Doc. 1).  On March 9, 2011, Hartnett filed an Amended Complaint for Damages for Breach of an Implied Contract, Retaliatory Discharge, Defamation of Character, and Punitive Damages (Doc. 25)("Amended Complaint"), alleging: (i) breach of an implied contract of employment and breach of the implied covenant of good faith and fair dealing; (ii) retaliatory discharge; and (iii) defamation.  See Amended Complaint ¶¶ 3-4, at 2.

Hartnett filed a Motion for Summary Judgment on May 25, 2011 (Doc. 29) and Papa John's filed a Cross Motion for Summary Judgment on June 14, 2011 (Doc. 33).  See Memorandum Opinion and Order, filed October 7, 2011 (Doc. 47)("MOO").  The Court: (i) granted in part Hartnett's Motion for Summary Judgment and precluded the parties from relitigating the existence of good cause; and (ii) granted the Papa John's Cross-Motion for Summary Judgment and dismissed the retaliatory discharge claim with prejudice.  See MOO at 1-2.  The remaining claims after the MOO were Hartnett's allegation of breach of an implied contract of employment and an implied covenant of good faith and fair dealing, and defamation.  See MOO at 11, 14-16.

On November 1, 2011, the Court issued a Scheduling Order (Doc. 50), and an Order Adopting Joint Status Report and Provisional Discovery Plan (Doc. 51), that set discovery deadlines and a trial date for September 17, 2012.  <u>See</u> Doc. 50 at 1-3; Doc. 51 at 1.  Discovery closed on June 11, 2012.  <u>See</u> Scheduling Order at 1.  On July 13, 2012, the Court granted Papa John's request to extend the trial and pre-trial dates, and ordered a firm trial setting for November 5-9, 2012.  <u>See</u> Motion to Vacate Trial Date at 4; Minute Order, filed July 13, 2012 (Doc. 69).  The parties had a settlement conference on August 6, 2012, before the Honorable Carmen E. Garza, United States Magistrate Judge for the District of New Mexico, but the case did not settle.  <u>See</u> Clerk's Minutes for Proceedings held before Magistrate Judge Carmen E. Garza, filed August 6, 2012 (Doc. 76).

After the parties failed to reach a settlement, Papa John's brought its Motion to Vacate Trial Date.  <u>See</u> Motion to Vacate Trial Date at 1.  Papa John's moves the Court to vacate the current trial date of November 5, 2012 and "extend the deadlines for all pre-trial matters not relating to dispositive motions."  Motion to Vacate Trial Date at 1.  Papa John's requests that the Court vacate the trial date so that:

> (i) "The Court can issue rulings on the Parties anticipated cross-motions for summary judgment prior to the Parties or the Court expending additional resources on preparing for a trial that may not be necessary;" (ii) "the Court of Appeals of New Mexico can issue a decision in the [p]arties' related and currently-pending worker's compensation matter which will impact not only the settlement prospects of this matter, but will also assist the Court and the [p]arties in preventing a possible unjust double-recovery for [Hartnett];" and (iii) the parties may have time to reach a negotiated resolution of this matter "[f]ollowing the Court's dispositive motions rulings and the Court of Appeals of New Mexico' decision."

Motion to Vacate Trial Date at 2.  At the time Papa John's filed their Motion to Vacate Trial Date, two causes of action remained -- breach of an implied contract and defamation.  <u>See</u> Motion to

Vacate Trial Date at 2.[2]  Papa John's asserts that, even though the parties were not able to reach a settlement on August 6, 2012, the resolution of the cross-motions for summary judgment will assist the parties in settling this matter and thereby save time and expenses for both the parties and the Court.  See Motion to Vacate Trial Date at 2.

Papa John's also argues that the Court should postpone the trial date until the Court of Appeals of New Mexico decides Hartnett's pending worker's compensation matter.  See Motion to Vacate Trial Date at 3.  Papa John's asserts that the resolution of that appeal will have a "dramatic impact on [Hartnett's] potential damages."  Motion to Vacate Trial Date at 3.  Papa John's states that Judge Griego ordered Papa John's to re-hire Hartnett to a position in Atlanta, Georgia, and the Court of Appeals of New Mexico affirms that order, Hartnett's damages will be far less than the $3,500,000.00 he currently seeks.  See Motion to Vacate Trial Date at 3.  Papa John's states that Hartnett's damages are based on the assumption that he will not be re-hired for the remainder of his working life, and, thus, if Hartnett is re-hired, his claim for damages will necessarily be less.  See Motion to Vacate Trial Date at 3.  Papa John's argues that, if a jury awards Hartnett damages for front pay, and Papa John's later re-hired Hartnett, Hartnett will receive an "unfair double recovery." Motion to Vacate Trial Date at 3.  Papa John's asserts that the "possibility of a double recovery is no doubt part of the reason why [Hartnett] is so eager to proceed to trial, despite the potential unnecessary waste of time and resources by doing so."  Motion to Vacate Trial Date at 3 n.3.  Papa John's recognizes that this motion is its second one to postpone the trial date, but states that both times Papa John's believed the Court of Appeals of New Mexico would issue its ruling on the worker's compensation claim before the Court's trial date.  See Motion to Vacate Trial Date at 4.

---

[2]The parties stipulated to dismiss Hartnett's defamation claim, with prejudice, on August 31, 2012.  See Stipulation to Dismiss Plaintiff's Defamation Claim at 1 (Doc. 93).

Papa John's states that the Court of Appeals of New Mexico has not indicated when it will issue its decision on the worker's compensation claim.  <u>See</u> Motion to Vacate Trial Date at 4.  Papa John's thus asserts that its reasons for requesting a postponed trial date still exist, and that the Court should vacate the current trial date and enlarge the remaining pre-trial deadlines, notwithstanding this request being Papa John's second.  <u>See</u> Motion to Vacate Trial Date at 4.

Papa John's is not seeking a stay of the entire matter.  <u>See</u> Motion to Vacate Trial Date at 4.  Papa John's plans to file dispositive motions and requests that the Court continue to issue rulings on those motions.  <u>See</u> Motion to Vacate Trial Date at 4.  Papa John's requests an enlargement of at least 120 days for the following deadlines: (i) "filing of *in limine* motions (currently August 29, 2012);" (ii) "filing of a consolidated pre-trial order (currently October 25, 2012);" (iii) "hearing on pre-trial motions (currently October 9, 2012);" (iv) "setting of pre-trial conferences (currently October 26, 2012);" and (v) "the start of trial (currently November 5, 2012)."  Motion to Vacate Trial Date at 5.  Papa John's alleges that these extensions are in the parties' and the Court's best interests and cause no prejudice to Hartnett in any way.  <u>See</u> Motion to Vacate Trial Date at 5.  Papa John's asserts that postponing the trial date will save time and resources that would be spent on *in limine* motions and other matters that would be unnecessary after the Court of Appeals of New Mexico's decision.  <u>See</u> Motion to Vacate Trial Date at 5.

Papa John's acknowledges that Hartnett opposes this motion, and alleges that Hartnett has unduly expended the parties' time and resources in communicating his opposition.  <u>See</u> Motion to Vacate Trial Date at 5-7.  Papa John's submits copies of counsels' correspondence regarding vacating the trial date in support of its allegation that Hartnett has, and will, unnecessarily delay the progress of this case if the trial date is not postponed.  <u>See</u> Motion to Vacate Trial Date at 7; <u>id.</u> Exs. A-E (email correspondence between Mr. Swanson, counsel for Papa John's, and Mr. Fogel, counsel

for Hartnett, discussing their respective availability, the Motion to Vacate Trial Date, and discovery issues).

In response, Hartnett points out that this motion is Papa John's second requested postponement for the trial date.  See Response to Defendant's Motion to Continue Trial at 1, filed August 27, 2012 (Doc. 86)("Response to Motion to Continue Trial").  Hartnett further states that "[n]othing has changed since June 27, 2012 which would form the basis for [Papa John's] new motion to continue off the current trial date."  Response to Continue Trial at 1.  Hartnett states that he has not sued Papa John's for the right to rehire, because the issue is before the Court of Appeals of New Mexico, and because Papa John's has not yet breached a duty by failing to re-hire Hartnett. See Response to Motion to Continue Trial at 1.

In response, Papa John's contends that Hartnett's "only reason" for opposing the Motion to Vacate Trial Date, that "nothing has changed since June 27, 2012," factually supports Papa John's request.  See Reply Memorandum in Support of Defendant Papa John's Motion to Vacate Trial Date and for Enlargement of Time Regarding Remaining Pre-Trial Deadlines at 1-2, filed September 7, 2012 (Doc. 95)("Reply Memorandum").  Papa John's asserts that the reason the trial date was originally postponed was to await a decision from the Court of Appeals of New Mexico regarding the worker's compensation matter.  See Reply Memorandum at 2.  Papa John's argues that the decision from the Court of Appeals of New Mexico must necessarily be received before trial in this Court; otherwise, Hartnett will receive an "impermissible, double recovery."  Reply Memorandum at 2.  Papa John's further asserts that it has filed a potentially case-ending dispositive motion, and thus preparing for trial may not be necessary until the Court has ruled on Papa John's potentially dispositive motion.  See Reply Memorandum at 2-3.  Papa John's re-states that resolution of the

worker's compensation matter is essential to achieving a settlement in the matter before trial --
another reason why the Court should grant Papa John's request.  See Reply Memorandum at 3.

      The Court held a hearing on this motion on October 5, 2012.  See Transcript of Hearing,
taken October 5, 2012 ("Tr.").[3]  Papa John's contended that there are two "compelling reasons" to
vacate the current trial setting: (i) Papa John's motion for summary judgment as to the only
remaining claim in the case -- which would make a trial unnecessary if the Court grants the motion;
and (ii) the Court of Appeals of New Mexico's pending decision on the worker's compensation
matter, which, if affirmed, would require Papa John's to re-hire Hartnett in Atlanta, and thereby
reduce Hartnett's ability to seek the damages he has currently alleged for front pay.  See Tr. at 2:12-
3:14 (Lamont).  The Court inquired whether the real risk in going to trial was to Hartnett, and not
to Papa John's, because Papa John's will argue either that it does not owe him the damages he has
alleged if he is working, pursuant to the Court of Appeals of New Mexico affirmation of the re-hire
order, or Hartnett will have to prove that he cannot work and that he is entitled to damages if the re-
hire order is overturned.  See Tr. at 4:25-5:8 (Court).  Papa John's asserted that, even though going
to trial is a risk to Hartnett, there will still remain a great deal of work to be done in the month before
trial that seems like a waste of resources because the only remaining claim is fully briefed on a
motion for summary judgment.  See Tr. at 5:9-19 (Lamont).  The Court inquired when Papa John's
would begin preparation for trial if the date is not vacated, and Papa John's responded that they
would begin after the hearing if the date remains November 5, 2012.  See Tr. at 6:11-16 (Court,
Lamont).  The Court stated that a schedule such as this one -- having a hearing on the dispositive
motions about a month out from trial -- is normal in this Court.  See Tr. at 6:3-6 (Court).

_____

    [3]The Court's citations to the transcript of the hearing refer to the court reporter's original,
unedited version.  Any final transcript may contain slightly different page and/or line numbers.

In response, Hartnett informed the Court that he returned to work in March, 2010 for Church's Chicken, in substantially the same management position, with substantially the same income, as he had with Papa John's.  See Tr. at 7:1-7, 12-13 (Fogel).  Hartnett, thus, stated that he will seek damages from 2007 until March, 2010, but that he did not believe he qualified for future damages, because he has since been employed in substantially the same capacity and with substantially the same income.  See Tr. at 7:9-10 (Fogel).  Hartnett explained that he is presently unemployed because he took a vice presidential position at a company which then "folded."  Tr. at 7:12-18 (Fogel).  The Court asked Hartnett whether he would be able to stipulate that he will not seek future damages at trial, given his ability to secure substantially similar employment fairly quickly after his termination from Papa John's, see Tr. at 8:1, 7-10 (Court); Hartnett replied that he would have to research the issue further, but his "understanding is the law is once you're gainfully employed at the same position with the same relative pay that your future damages are not there." Tr. at 7:12-13, 8:11-15 (Fogel).  Hartnett stated that, at the present time, he did not believe he would seek future damages, save for if the Court of Appeals of New Mexico affirms the re-hire order, and then Hartnett would seek to recover the pay from when the re-hire order was issued to the date it was affirmed on appeal, because Papa John's has not, as of this date, re-hired Hartnett.  See Tr. at 8:18-24, 9:5-12 (Fogel).  The Court asked Hartnett if Papa John's could argue that, because Hartnett received a judgment affirming the re-hire order, Hartnett is not entitled to future damages, and Hartnett affirmed that Papa John's could argue he is not entitled to future damages.  See Tr. at 10:9-18 (Fogel, Court).  Hartnett asserted that Papa John's may be liable for contempt for failing to have already re-hired Hartnett, in which case Hartnett would bring a new lawsuit for that claim.  See Tr. at 10:19-21 (Fogel).  Hartnett asserted that his expert witness would not base his report for damages upon future lost wages, as Papa John's had claimed he would.  See Tr. at 10:22-25 (Fogel).

-10-

The Court then inquired if the parties are comfortable with leaving the trial date as is and preparing for trial in anticipation of the Court's ruling on Papa John's Breach of Contract MSJ. See Tr. at 11:9-15 (Court). Hartnett stated that he was fine with that situation, but that he was also fine with changing the trial date if necessary for the Court's convenience. See Tr. at 11:16-19 (Fogel). Papa John's stated that they would "feel a lot better about" the future lost wages issue if there were a stipulation on the record that Hartnett would not seek damages for future lost wages after his position with Church's Chicken, and if Hartnett's expert provided a revised report stating that he would not base his damages assessment upon future earnings beyond 2010. Tr. at 12:10-15 (Lamont). Papa John's stated that the discovery responses thus far indicate Hartnett will be seeking damages for future lost wages, and, on that basis it is concerned about a potential double recovery for Hartnett. See Tr. at 12:16-19 (Lamont).

Papa John's also stated that it would be ready for trial on November 5, 2012. See Tr. at 12:23 (Lamont). The Court asked Papa John's if the Court of Appeals of New Mexico case would still have implications for this matter, and Papa John's replied that the decision is of lessened significance if Hartnett does not seek future damages in this Court. See Tr. at 13:8-15 (Court, Lamont). Papa John's asserted that, if the Court of Appeals of New Mexico affirms the re-hire order from its date of issuance, and awards damages from that date, then Hartnett could still receive some double recovery. See Tr. at 13:20-23 (Lamont).

The Court then requested that Hartnett send a letter to the Court indicating whether he would be seeking damages for future lost wages, and how he intends to use his expert. See Tr. at 15:5-11 (Court). Hartnett said he would send such a letter. See Tr. at 15:12 (Fogel). As of the date of this memorandum opinion and order, the Court has not received a letter from Hartnett regarding whether he will seek damages for future lost wages.

## RELEVANT LAW REGARDING SCHEDULING ORDERS

"The District Court has wide discretion in its regulation of pretrial matters." Si–Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1514 (10th Cir. 1990).  Pursuant to rule 16 of the Federal Rules of Civil Procedure, a district judge must issue a scheduling order, and the judge is permitted to set a trial date as part of the scheduling order.  See Fed. R. Civ. P. 16(b)(3)(B)(v).  Scheduling orders "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Accord Street v. Curry Bd. of Cnty. Comm'rs, No. CIV 06-0776, 2008 WL 2397671, at *6 (D.N.M. Jan. 30, 2008) (Browning, J.). The advisory committee notes to rule 16 observe:

> [T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.  Since the scheduling order is entered early in the litigation, this standard seems more appropriate than a "manifest injustice" or "substantial hardship" test.  Otherwise, a fear that extensions will not be granted may encourage counsel to request the longest possible periods for completing pleading, joinder, and discovery.

Fed. R. Civ. P. 16(b)(4) advisory committee's note to 1983 amendment.   As the Court has stated in the past: "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts."  Street v. Curry Bd. of Cnty. Comm'rs, 2008 WL 2397671, at *6.

Other courts within the Tenth Circuit have held that "the good cause standard primarily considers the diligence of the party . . . [.]  The party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines.  Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  Pulsecard, Inc. v. Discover Card Servs. Inc., 168 F.R.D. 295, 301 (D. Kan. 1996)(alteration in original)(internal quotation marks omitted).  In the United States District Court for the District of Utah, the Honorable Dale A. Kimball, United States District Judge, found "good cause" existed to amend the court's

scheduling order when the court decided to permit the plaintiff's counsel to withdraw as counsel. Kee v. Fifth Third Bank, No. CIV 2:06-00602-DAK-PMW, 2008 WL 183384, at *1 (Jan. 17, 2008 D. Utah).  Judge Kimball reasoned: "In light of the court's decision to permit [counsel] to withdraw . . . the court has determined that good cause exists for amending the existing scheduling order." 2008 WL 183384, at *1.

## ANALYSIS

Papa John's moves the Court to vacate the trial date so that Hartnett will not be able to receive a double recovery from a decision in his favor in the Court of Appeals of New Mexico and as a result of a trial in this Court, and so that the parties will not unnecessarily waste resources preparing for a trial while a potentially dispositive motion awaits the Court's ruling.  The Court finds that Papa John's has not shown good cause for amending its Scheduling Order, which sets trial for November 5, 2012.  At the hearing, Hartnett indicated that he did not plan to seek damages for future lost wages, and he would not base his expert witness' testimony on future lost wages.  Thus, Hartnett will not likely receive a double recovery even he recovers at trial in this Court and the Court of Appeals of New Mexico affirms the order to Papa John's to re-hire Hartnett.  Further, although Papa John's Breach of Contract MSJ is a potentially dispositive motion, the Court does not believe that the parties' resources will be wasted if a trial date is not postponed; the parties have had ample months to prepare for trial, and the Court will try to move promptly to decide the motion after it is argued on Friday, October 12, 2012.  This motion is denied without prejudice to renew, however, so that, if Hartnett indicates he will seek damages for future lost wages or another reason arises which would warrant vacating the trial date, Papa John's may renew this motion.

The Court and Papa John's have expressed that they would feel much more confident in denying the Motion to Vacate Trial Date if Hartnett submits a letter to the Court stating that he will

not be seeking damages for future lost wages, and that his expert will not factor future lost wages into his damages calculation.  The Court has not, of this date, received such a letter from Hartnett.  Nonetheless, as Hartnett told the Court at the hearing that he would not seek future lost wages or have his expert use future wages in his damages calculation, the Court believes that Papa John's fear of being liable for a double payment to Hartnett will not be realized.

Papa John's Breach of Contract MSJ may indeed be dispositive in this matter, and the Court has yet to rule on that motion.  At the same time, discovery has closed in this matter and the current trial date, a firm setting of November 5, 2012 through November 9, 2012, has been in place since June, 2012.  The parties have thus had notice and time to prepare for trial, and even if the trial is not necessary and the parties' trial preparation does not contribute to the matter's outcome, this schedule and potential situation is normal for trial-court attorneys in this Court.  The Court does not find that the experienced trial attorneys in this matter will be unable to go to trial on November 5, 2012, despite their diligence or best efforts to prepare.  See Pulsecard, Inc. v. Discover Card Servs. Inc., 168 F.R.D. at 301 (explaining that "good cause" may warrant modification of a scheduling order where the parties will not be able to meet the order's deadlines despite their due diligence).  Rather, the parties both indicated that they would be prepared for trial on November 5, 2012.  The Court thus does not find that Papa John's argument that vacating the trial date will save work for the attorneys amounts to good cause sufficient for vacating the current trial date.

The Court will deny Papa John's Motion to Vacate Trial Date without prejudice to renew at a future date.  If Hartnett changes his position from the hearing and decides to seek damages for future lost wages, or use future lost wages as part of his expert witness' testimony, the Court may have reason to re-visit this motion.  Additionally, if other issues arise or circumstances change, in

-14-

such a manner as the Court cannot anticipate at this time, Papa John's may renew its motion to vacate the November 5, 2012 trial date.

**IT IS ORDERED** that Defendant Papa John's Motion to Vacate Trial Date and for Enlargement of Time Regarding Remaining Pre-Trial Deadlines Not Related to Dispositive Motions, filed August 15, 2012 (Doc. 79) is denied without prejudice to renew at a future date.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Patrick L. Fogel
The Fogel Law Firm
Albuquerque, New Mexico

    *Attorney for the Plaintiff*

Charlotte A. Lamont
Littler Mendelson, P.C.
Albuquerque, New Mexico

*-- and --*

Frederick C. Miner
J. Mark Ogden
Peter C. Prynkiewicz
Robert Shawn Oller
Rosanna Eltanal
Wade Russell Swanson
Littler Mendelson, P.C.
Phoenix, Arizona

    *Attorneys for the Defendant*

-15-