IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TIMOTHY HARTNETT,

    Plaintiffs,

vs.                                                                                                                                                    No. CIV 10-1105 JB/CG

PAPA JOHN'S PIZZA, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant Papa John's Motion to Allow Richard Wozniak's Deposition Outside the Discovery Period, Expedited Consideration Requested, filed September 27, 2012 (Doc. 107)("Motion for Wozniak Deposition"). The Court held a hearing on October 5, 2012. The primary issue is whether the Court should allow Defendant Papa John's, Inc. to take the deposition of Richard Wozniak at the current time, after discovery closed on June 11, 2012. For reasons stated on the record at the hearing and further reasons stated herein, the Court will deny Papa John's motion without prejudice to renew the motion at a later date. Because Plaintiff Timothy Hartnett has agreed that he will not rely upon any communication that he had with Richard Wozniak to establish his implied contract of employment, there is no current need for the deposition.

**FACTUAL BACKGROUND**

Papa John's employed Hartnett. See Plaintiff's Memorandum in Support of Summary Judgment ¶ 3, at 1-2, filed May 25, 2011 (Doc. 29-1)("Plaintiff's Mem. Summary Judgment"); Defendant's Opposition to Plaintiff's Motion for Summary Judgment, filed June 14, 2011, ¶ 1, at

2 (Doc. 32)("Defendant's Response").[1]  On August 14, 2007, Hartnett sustained an injury in an automobile accident.  See Plaintiff's Mem. Summary Judgment ¶ 3, at 1-2 (asserting that Hartnett suffered an injury in an automobile accident on August 14, 2007); Defendant's Response ¶ 1, at 2 (not challenging that fact).  Hartnett worked light duty for Papa John's after the accident, and, on October 17, 2007, Papa John's terminated Hartnett's employment for allegedly filing a false mileage voucher.  See Plaintiff's Mem. Summary Judgment second ¶ 2, at 2, 6 (asserting that Hartnett was terminated on October 17, 2007 for "allegedly" filing false mileage vouchers); Defendant's Response ¶ 2, at 2 (asserting that Hartnett was terminated on October 17, 2007, but not identifying the reason therefor).

On February 28, 2008, Hartnett submitted a complaint for workers' compensation benefits against Papa John's before the State of New Mexico Workers' Compensation Administration, in Hartnett v. Papa John's Pizza, WCA No. 088-00106.  See Plaintiff's Mem. Summary Judgment ¶ 3, at 1-2 (asserting fact); Defendant's Response ¶ 3, at 2 (asserting fact).  The Workers' Compensation Judge ("WCJ") applies the New Mexico rules of civil procedure and rules of evidence.  See N.M.S.A. 1978, § 52-5-4; N.M.A.C. § 11.4.4.12; Plaintiff's Mem. Summary Judgment ¶ 4, at 2.

Nineteen contested issues were presented to the WCJ, including whether Hartnett's termination was for good cause.  See Worker's Compensation Memorandum Opinion at 1-3, filed May 25, 2011 (Doc. 29-8)("WCJ Opinion").  Papa John's alleged that it terminated Hartnett for good cause after Hartnett submitted false mileage vouchers.  See Plaintiff's Mem. Summary Judgment at 6; WCJ opinion at 3.  After extensive discovery, the parties tried the case before the

---

[1]Plaintiff's Mem. Summary Judgment contains two paragraphs numbered 2, two paragraphs numbered 3, two paragraphs numbered 12, and two paragraphs numbered 18.  Plaintiff's Mem. Summary Judgment also contains three paragraphs numbered 13.  The Court will refer to the second of each of these as "second ¶ __," and the third paragraph 13 will be "third ¶ 13," so that the parties know to which paragraph the Court is referencing.

WCJ on June 9, 2009.  See Plaintiff's Mem. Summary Judgment ¶¶ 8-13, at 2-3.  On April 20, 2010, the WCJ, Gregory Griego, issued the WJC Opinion.  See WCJ Opinion at 1.  Judge Griego found that "the Worker was not terminated for good cause," that the "Employer's investigation was deeply flawed and relied on information which ultimately appears to be materially unreliable," and that "there was a clear rush to judgment."  WCJ Opinion at 3.  Judge Griego also found that "there is an inadequate record in this case to demonstrate that Worker was terminated because of his seeking workers' compensation benefits."  WCJ Opinion at 3.  On May 13, 2010, Judge Griego entered his Compensation Order, finding that Hartnett "was not terminated for good cause" and awarding benefits.  Compensation Order at 4, 6-7, filed May 25, 2011 (Doc. 29-3).  The Compensation Order also stated that "the termination of the Worker was not retaliatory for pursuing a workers' compensation claim."  Compensation Order at 4.

## PROCEDURAL BACKGROUND

On October 8, 2010, Hartnett filed a complaint in the Second Judicial District, County of Bernalillo, State of New Mexico.  See Complaint for Damages for Wrongful Termination, Retaliatory Discharge, Defamation of Character, and Punitive Damages (October 8, 2010), filed November 19, 2010 (Doc. 1-1).  On November 19, 2010, Papa John's removed the action, pursuant to 28 U.S.C. § 1441(a) and 1446 to the United States District Court for the District of New Mexico. See Defendant's Notice of Removal at 1, filed November 19, 2010 (Doc. 1).  On March 9, 2011, Hartnett filed an Amended Complaint for Damages for Breach of an Implied Contract, Retaliatory Discharge, Defamation of Character, and Punitive Damages (Doc. 25)("Amended Complaint"), alleging: (i) breach of an implied contract of employment and breach of the implied covenant of good faith and fair dealing; (ii) retaliatory discharge; and (iii) defamation.  See Amended Complaint ¶¶ 3-4, at 2.

Hartnett filed a Motion for Summary Judgment on May 25, 2011 (Doc. 29) and Papa John's filed a Cross Motion for Summary Judgment on June 14, 2011 (Doc. 33). See Memorandum Opinion and Order, filed October 7, 2011 (Doc. 47)("MOO"). The Court: (i) granted in part Hartnett's Motion for Summary Judgment and precluded the parties from relitigating the existence of good cause; and (ii) granted the Papa John's Cross-Motion for Summary Judgment and dismissed the retaliatory discharge claim with prejudice. See MOO at 1-2. The remaining claims after the MOO were Hartnett's allegation of breach of an implied contract of employment and an implied covenant of good faith and fair dealing, and defamation. See MOO at 11. 14-16.[2]

On November 1, 2011, the Court issued a Scheduling Order (Doc. 50), and an Order Adopting Joint Status Report and Provisional Discovery Plan (Doc. 51), that set discovery deadlines and a trial date for September 17, 2012. See Doc. 50 at 1-3; Doc. 51 at 1. Discovery closed on June 11, 2012. See Scheduling Order at 1. On July 13, 2012, the Court granted Papa John's request to extend the trial and pre-trial dates, and ordered a firm trial setting for November 5-9, 2012. See Motion to Vacate Trial Date at 4; Minute Order, filed July 13, 2012 (Doc. 69). The parties had a settlement conference on August 6, 2012, before the Honorable Carmen E. Garza, United States Magistrate Judge for the District of New Mexico, but the case did not settle. See Clerk's Minutes for Proceedings held before Magistrate Judge Carmen E. Garza, filed August 6, 2012 (Doc. 76).

Papa John's filed its Motion for Wozniak Deposition on September 27, 2012, after discovery closed. See Motion for Wozniak Deposition at 1. Papa John's asserts that it was aware of Wozniak, but not as an "individual with knowledge regarding [Hartnett's] alleged implied contract with Papa John's" until Hartnett's deposition on May 31, 2012, less than two weeks before the Court's June

---

[2] The parties stipulated to dismiss Hartnett's defamation claim, with prejudice, on August 31, 2012. See Stipulation to Dismiss Plaintiff's Defamation Claim at 1 (Doc. 93)

11, 2012 discovery deadline. Motion for Wozniak Deposition at 1. Papa John's points to the breach of an implied-contract claim being the only remaining claim in the case in alleging the importance of deposing Wozniak, Hartnett's previous supervisor who trained him and, according to Hartnett, led Hartnett to believe that he had an implied contract with Papa John's. See Motion for Wozniak Deposition at 2. Papa John's asserts that Wozniak "was not easy to locate," because he resigned from Papa John's in January, 2001. Motion for Wozniak Deposition at 2. Papa John's located Wozniak in early September, 2012. See Motion for Wozniak Deposition at 2.

 Papa John's alleges that Wozniak is prepared to offer relevant testimony, including that: (i) Wozniak understood all employees of Papa John's, including Hartnett, to be "at-will" employees; (ii) Wozniak does not recall any documents, training, or statements "which could have led [Hartnett] to believe that he or anyone else had an implied contract with Papa John's restricting the company's ability to terminate its employees;" and (iii) Wozniak would have remembered had he seen any materials which indicated that Papa John's had a limited right to terminate its at-will employees. Motion for Wozniak Deposition at 3. Wozniak, who now lives in Nashville, Tennessee, is unwilling to travel to Albuquerque to testify at trial in November. See Motion for Wozniak Deposition at 3. Papa John's cannot subpoena Wozniak to testify in Albuquerque, New Mexico, as Wozniak lives out of state; thus, Papa John's asserts, it may present Wozniak's testimony at trial only if Papa John's is allowed to travel to Nashville and take his deposition before trial. See Motion for Wozniak Deposition at 3. Papa John's asserts that it has shown good cause for the Court to allow Papa John's to take Wozniak's deposition, notwithstanding discovery now being closed. See Motion for Wozniak Deposition at 3.

 Hartnett opposes Papa John's Motion for Wozniak Deposition. See Response to Defendant Papa John's Motion for Richard Wozniak's Deposition Outside the Discovery at 1, filed September

28, 2012 (Doc. 108)("Response to Wozniak Motion").  Hartnett views the request to depose Wozniak as Papa John's "third attempt to vacate the trial currently schedule to begin on November 5, 2012," because further written discovery would be necessary before Wozniak's deposition.  Response to Wozniak Motion at 1, 3.  Hartnett asserts that the existence of Wozniak as the supervisor who hired and trained Hartnett has always been known to Papa John's, because such information is contained in Hartnett's personnel file which has been in Papa John's possession since the parties' initial exchange of documents.  See Response to Wozniak Motion at 1-2.  Hartnett also contends that he informed Papa John's that Wozniak trained Hartnett in his deposition for the worker's compensation claim on April 6, 2009.  See Response to Wozniak Motion at 2.  Hartnett alleges that his April 6, 2009, deposition was given to Papa John's on January 18, 2012, in response to a request for production.  See Response to Wozniak Motion at 2.  Hartnett also contends that the decision to delay in deposing him was Papa John's, and thus Papa John's should "be held responsible for its failure to timely depose" Hartnett.  Response to Wozniak Motion at 3.  Hartnett argues that his counsel found Wozniak on the internet within five minutes via the website "LinkedIn," and thus Papa John's statement that Wozniak was hard to find is disingenuous.  Response to Wozniak Motion at 3.  Hartnett further asserts that Wozniak's testimony is cumulative, considering the "at will provision of the Team Member Handbook and the at will provision in the 1998 management agreement signed by" Hartnett.  Response to Wozniak Motion at 2.  Hartnett contends that Wozniak's testimony is not relevant to determining whether an implied contract arose, because actions which took place after Wozniak resigned from Papa John's created an implied contract.  See Response to Wozniak Motion at 2.

Papa John's contends that there is a "significant difference between knowing that Wozniak hired and trained [Hartnett] and learning that [Hartnett] claims that Wozniak made representations

that led him to believe that he had an implied contract with Papa John's." Defendant Papa John's Reply in Support of its Motion for Richard Wozniak's Deposition Outside the Discovery Period at 1, filed October 1, 2012 (Doc. 112)("Reply in Support of Wozniak Motion"). Papa John's asserts that the Court should allow Papa John's to take Wozniak's deposition, because Hartnett is alleging that Wozniak's representations "formed, or contributed to, an implied contract that Papa John's could only terminate him for cause." Reply in Support of Wozniak Motion at 1. Papa John's contends that, even if Papa John's was aware of Wozniak hiring and supervising Hartnett, the prior information Papa John's had received from Hartnett did not indicate that Wozniak "made statements purportedly giving rise to an implied contract until [Hartnett] disclosed that in his deposition in this case on May 31, 2012." Reply in Support of Wozniak Motion at 2. Papa John's argues Wozniak had not previously been identified as an individual with relevant knowledge. See Reply in Support of Wozniak Motion at 2. In response to Hartnett's assertion that Wozniak's testimony would be cumulative or irrelevant, Papa John's agrees -- but only if Hartnett is not going to testify that Wozniak made representations that led Hartnett to believe he had an implied contract with Papa John's. See Reply in Support of Wozniak Motion at 2-3. Papa John's further contends that Hartnett is attempting to "turn the tables on Papa John's" by stating that Papa John's should have deposed Hartnett earlier or located Wozniak sooner; Papa John's alleges that its present motion would not be necessary if Hartnett had "simply disclosed the information that Wozniak allegedly possessed in his written disclosures or discovery responses." Reply in Support of Wozniak Motion at 3. Papa John's asserts that it is not seeking to depose Wozniak to vacate the trial date. See Reply in Support of Wozniak Motion at 3.

The Court addressed Papa John's Motion for Wozniak Deposition at its hearing on October 5, 2012. See Transcript of Hearing, taken October 5, 2012 ("Tr.").[3] The Court inquired whether Wozniak was listed in Hartnett's initial disclosures, and Papa John's stated that he was not. See Tr. at 15:21-24 (Court, Lamont). Papa John's stated that Wozniak's existence has "never been a secret," but that it was not until Hartnett's May 31, 2012, deposition that Hartnett indicated he had relied on statements which Wozniak made during Hartnett's training in believing an implied contract existed. Tr. at 16:2-8 (Lamont). Papa John's stated that he was not listed in any witness list provided to them. See Tr. at 16:13-15 (Court, Lamont). The Court inquired why Papa John's was not able to find Wozniak before the close of discovery, as the internet allows people to be found very quickly. See Tr. at 17:10-15 (Court). Papa John's had no answer. See Tr. at 17:16-20 (Lamont). The Court inquired if Papa John's thought it could "sweet talk" Wozniak into coming to trial, and Papa John's replied that it could not, notwithstanding the likely beautiful weather in Albuquerque during the trial. Tr. at 17:21-25 (Court, Lamont). The Court inquired whether Papa John's would be able to have him appear at trial by video conference. See Tr. at 18:1-3 (Court). Papa John's stated that it would be comfortable with either Wozniak appearing by video conference or Hartnett stipulating that he would not introduce any evidence regarding Wozniak at trial. See Tr. at 18:8-15 (Lamont). Hartnett stated that he "had not even planned to use his name except for the fact that he is the beginning supervisor." Tr. at 18:19-22 (Fogel). The Court asked Papa John's if its need to depose Wozniak could be satisfied by Hartnett stipulating that he will "not rely upon any conversations he had with for the implied contract [claim]," and Papa John's stated that such a stipulation would satisfy its rationale for the motion. Tr. at 19:14-22 (Court, Lamont). The Court then asked Hartnett if he

---

[3]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

would agree that he would only testify regarding Wozniak to the extent that "Wozniak hired [him], [but he does not] remember anything about any details of about [sic] the conversation," and that Hartnett would not "[rely] upon that conversation for the implied contract." Tr. at 19:9-13 (Court). Hartnett agreed that he would limit his testimony regarding Wozniak as the Court indicated. See Tr. at 19:13 (Fogel). The Court thus stated that, upon Hartnett's stipulation not to rely upon Wozniak, the Court will deny Papa John's motion without prejudice, and Papa John's may revisit this issue if the need arises before trial. See Tr. at 19:18-24 (Court).

## RELEVANT LAW REGARDING DISCOVERY

"Discovery plays an important role in our adversarial system: full development of the facts surrounding a matter furthers 'the purpose discovery is intended to serve -- advancing the quest for truth.'" Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs., Nos. CIV 02–1146 and 03–1185, 2007 WL 1306560, at *2 (D.N.M. Mar.12, 2007)(Browning, J.)(quoting Taylor v. Illinois, 484 U.S. 400, 430, (1988)). "Discovery is also, ideally, a self-executing system." Mann v. Fernandez, 615 F.Supp. 2d 1277, 1284 (D.N.M.2009)(Browning, J.). "Sometimes, though, the discovery system breaks down." Mann v. Fernandez, 615 F.Supp. 2d at 1284. "Determining whether to reopen discovery requires striking a delicate balance between the interests of efficiency and accountability on the one hand, and a recognition of the importance of discovery for resolving cases on the merits on the other." Mann v. Fernandez, 615 F.Supp. 2d at 1284.

   1.   **Scheduling Orders.**

"The District Court has wide discretion in its regulation of pretrial matters." Si–Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1514 (10th Cir. 1990). Scheduling orders, however, "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Accord Street v. Curry

Bd. of Cnty. Comm'rs, No. CIV 06-0776, 2008 WL 2397671, at *6 (D.N.M. Jan. 30, 2008) (Browning, J.). The advisory committee notes to rule 16 observe:

> [T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension. Since the scheduling order is entered early in the litigation, this standard seems more appropriate than a "manifest injustice" or "substantial hardship" test. Otherwise, a fear that extensions will not be granted may encourage counsel to request the longest possible periods for completing pleading, joinder, and discovery.

Fed. R. Civ. P. 16(b)(4) advisory committee's note to 1983 amendment. As the Court has stated in the past: "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." Street v. Curry Bd. of Cnty. Comm'rs, 2008 WL 2397671, at *6.

Other courts within the Tenth Circuit have held that "the good cause standard primarily considers the diligence of the party . . . [.] The party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines. Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Pulsecard, Inc. v. Discover Card Servs. Inc., 168 F.R.D. 295, 301 (D. Kan. 1996)(alteration in original)(internal quotation marks omitted). In the United States District Court for the District of Utah, the Honorable Dale A. Kimball, United States District Judge, found "good cause" existed to amend the court's scheduling order when the court decided to permit the plaintiff's counsel to withdraw as counsel. Kee v. Fifth Third Bank, No. CIV 2:06-00602-DAK-PMW, 2008 WL 183384, at *1 (Jan. 17, 2008 D. Utah). Judge Kimball reasoned: "In light of the court's decision to permit [counsel] to withdraw . . . the court has determined that good cause exists for amending the existing scheduling order." 2008 WL 183384, at *1.

### 2. Reopening Discovery.

In <u>Smith v. United States</u>, 834 F.2d 166 (10th Cir. 1987), the Tenth Circuit discussed the factors that courts should consider in determining whether to reopen discovery. These factors include:

> 1) [W]hether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

834 F.2d at 169 (citing <u>Howze v. Jones & Laughlin Steel Corp.</u>, 750 F.2d 1208, 1213 (3d Cir. 1984); <u>Wilk v. Am. Med. Ass'n</u>, 719 F.2d 207, 232 (7th Cir. 1983); <u>Geremia v. First Nat'l Bank of Bos.</u>, 653 F.2d 1, 5-6 (1st Cir. 1981)). The United States Court of Appeals for the Fifth Circuit considers four similar elements when determining whether a court should modify a scheduling order: (i) the explanation for the party's failure to meet the deadline; (ii) the importance of what the court is excluding; (iii) the potential prejudice if the court allows the thing that would be excluded; and (iv) the availability of a continuance to cure such prejudice. See <u>S & W Enters., LLC v. S. Trust Bank of Ala.</u>, 315 F.3d 533, 536 (5th Cir.2003).

## ANALYSIS

The Court does not find that Papa John's has shown good cause why the Court should allow Papa John's to take Wozniak's deposition outside of the discovery period. The Court does not see how Papa John's made diligent efforts, and was yet unable to find and depose Wozniak within the discovery period. Additionally, Papa John's Motion to Allow Wozniak Deposition would require the Court to reopen discovery, but the Court finds that the Tenth Circuit's factors counsel against reopening discovery at this point. Accordingly, the Court will deny Papa John's Motion for

Wozniak Deposition, but without prejudice, so that Papa John's may bring this motion again if good cause is shown or the relevant criteria for allowing discovery to be reopened are met at a later date.

A scheduling order may be modified only for good cause and with the Court's consent. See Fed. R. Civ. P. 16(b)(4). "Good cause" requires that a scheduling order cannot be met despite a party's diligent efforts. Street v. Curry Bd. of Cnty. Comm'rs, 2008 WL 2397671, at *6. The Court does not see that Papa John's made diligent efforts to find and depose Wozniak within the discovery period. Although Papa John's may not have been aware of Wozniak's importance to this case until late in the discovery period, as Hartnett points out, Hartnett could have been deposed early in the discovery period, giving Papa John's more time to discover relevant evidence that Hartnett revealed in his deposition. Additionally, the Court does not understand why Papa John's was unable to find Wozniak until after the discovery period had ended; an internet search likely reveals Wozniak's location and profession within a few minutes. Thus, the Court does not find that Papa John's made reasonable efforts yet could not meet the discovery deadlines for deposing Wozniak, and the Court thus does not find that Papa John's has shown good cause for modifying the Court's Scheduling Order. See Pulsecard, Inc. v. Discover Card Servs. Inc., 168 F.R.D. at 301 (holding that the party seeking an extension of a discovery deadline must show that "despite due diligence it could not have reasonably met the scheduled deadlines").

That neither Hartnett nor Papa John's listed Wozniak in their initial disclosures or any witness lists troubles the Court; no one apparently thought he had any relevant testimony for this case. Nevertheless, he has been known to all parties throughout the case. No one apparently thought that he was an important witness until the May, 2012 deposition of Hartnett. Papa John's has not shown that it used due diligence to locate Wozniak; the amount of time that has passed seems unduly long given the relative ease, in the day of the internet, to locate witnesses. Papa

-12-

John's affirms no affidavit or other evidence to explain when it first started looking for Wozniak or the difficulties Papa John's encountered trying to locate Wozniak. The Court does not believe that Papa John's has shown diligence in deposing Wozniak.

Further, the factors the Tenth Circuit has prescribed for considering whether to reopen discovery counsel against granting Papa John's Motion for Wozniak Deposition. The trial date is less than one month away, and Papa John's opposes the motion. See Smith v. United States, 834 F.2d at 169 (noting that the first two factors in deciding to reopen discovery are whether the trial is imminent and the request is opposed). Additionally, Hartnett may be prejudiced by reopening discovery, as Hartnett has indicated an eagerness to go to trial and points out that deposing Wozniak may require that the parties' trial date be pushed back once again by the additional discovery which Wozniak's deposition would require, such as Papa John's acquiring Wozniak's personnel file. See Smith v. United States, 834 F.2d at 169 (noting that the third factor courts are to consider when asked to reopen discovery is whether the non-moving party will be prejudiced). The Court is not persuaded that Papa John's was diligent in obtaining discovery within the guidelines the Court established, as finding Wozniak on the internet appears to be a simple process. See Smith v. United States, 834 F.2d at 169 (holding that the fourth factor which courts are to consider is whether the moving party was diligent in abiding by discovery deadlines). The Court has no reason to find that additional discovery was foreseeable, as the parties have had a full discovery period, commencing in November, of 2011, and lasting until June, 2012. See Smith v. United States, 834 F.2d at 169 (holding that the fifth factor which courts are to consider is whether the need for additional discovery was foreseeable in light of the scheduling order established by the Court). Lastly, while Wozniak's deposition may lead to relevant evidence, the evidence is only necessary for Papa John's if Hartnett relies on Wozniak's statements at trial in proving his breach of an implied contract claim.

Because Hartnett has indicated he will not rely on Wozniak's statements to establish an implied contract, the Court finds that Papa John's need not take Wozniak's deposition to be able to mount its full defense to Hartnett's claims.  See Smith v. United States, 834 F.2d at 169  (holding that the sixth factor which courts are to consider is whether the discovery will lead to relevant evidence).

The Court, therefore, finds that Papa John's has not met its burden in bringing its Motion for Wozniak Deposition, as Papa John's has not demonstrated good cause for modifying the Scheduling Order, or that the motion meets the Tenth Circuit's factors for reopening discovery.  The Court will deny Papa John's motion without prejudice, so that Papa John's may bring this motion if circumstances change such that Papa John's has good cause or the factors prescribed for reopening discovery support granting the motion in the future.  Particularly, as Hartnett indicated at the hearing that he will not rely on Wozniak's statements in proving his breach of an implied contract claim, the Court does not find that the high standards established for modifying a scheduling order or reopening discovery are met in this motion.

**IT IS ORDERED** that Defendant Papa John's Motion to Allow Richard Wozniak's Deposition Outside the Discovery Period, Expedited Consideration Requested, filed September 27, 2012 (Doc. 107), is denied without prejudice to renew if future developments make the deposition of Richard Wozniak necessary or desirable.

                                                                                              _____
                                                                                              UNITED STATES DISTRICT JUDGE

*Counsel:*

Patrick L. Fogel
The Fogel Law Firm
Albuquerque, New Mexico

        *Attorney for the Plaintiff*

Charlotte A. Lamont
Littler Mendelson, P.C.
Albuquerque, New Mexico

*-- and --*

Frederick C. Miner
J. Mark Ogden
Peter C. Prynkiewicz
Robert Shawn Oller
Rosanna Eltanal
Wade Russell Swanson
Littler Mendelson, P.C.
Phoenix, Arizona

    *Attorneys for the Defendant*